■ ANDREW PEREZ, Appellant, v CITY OF NEW YORK, Respondent. [644 NYS2d 170]

On December 13, 1991, plaintiff tripped and fell on the stairway of a parking garage under Police Headquarters. A police officer, John Rizzo, was summoned and an aided report filled out, which stated that the accident occurred at "103 Park Row—Municipal Parking."

In his timely notice of claim, plaintiff stated that the accident occurred at 2 Lafayette Street and that it was reported to Officer Rizzo. Photographs of the stairway in question were included. At his examination pursuant to General Municipal Law § 50-h on March 20, 1992, plaintiff testified that the accident occurred "in the parking lot * * * near to One Police Plaza." Counsel clarified that it was a parking garage, not a lot, and when asked if the parking garage had an address, plaintiff replied "I think it's Lafayette Street * * * near to

One Police Plaza." Thereafter, on May 25, 1994, plaintiff moved to amend his notice of claim and complaint to correct the address of the parking garage.

Although plaintiff's motion was made more than two years after the accident and the filing of his notice of claim, given the fact that the address was not posted on the parking garage and there is no parking garage located at the address given in the notice of claim, the motion should have been granted absent any showing of prejudice on the part of the City, which had actual knowledge of the correct address, which was noted on the aided report prepared on the date of the accident, and the scene of the accident, which was amply described at the hearing before the Comptroller. Concur—Milonas, J. P., Wallach, Rubin, Kupferman and Mazzarelli, JJ.