■ Mary A. Perry, Appellant, v City of New York et al., Respondents. [667 NYS2d 722] —Order, Supreme Court, New

York County (Salvador Collazo, J.), entered July 2, 1996, which converted plaintiff's motion to amend her notice of claim to add a cause of action for wrongful death into a motion "to file a late notice of claim for permission to file a wrongful death cause of action," giving her 30 days in which to do so, unanimously reversed, on the law and the facts, without costs, and the motion granted amending the notice of claim to add a cause of action for wrongful death.

Roy Perry, plaintiff's deceased husband, was diagnosed on September 21, 1994, with asbestos-related malignant mesothelioma, allegedly sustained as a result of exposure to asbestos-containing material over the many years he worked as a porter for the Staten Island Ferry Fleet. A notice of claim alleging personal injuries was served on December 20, 1994. Mr. Perry died on July 30, 1995, and plaintiff thereafter moved by order to show cause dated June 4, 1996, for an order pursuant to General Municipal Law § 50-e (6) to allow her to add a cause of action for wrongful death in the notice of claim, or, in the alternative, to allege such cause of action in the complaint that had not yet been served.

The IAS Court rejected her application, adopting the City's position that, because the notice of claim failed to state the date of Mr. Perry's diagnosis, the notice was fatally defective and therefore a nullity; that the time within which plaintiff could have corrected the defective notice had already run; and that therefore the only recourse left to plaintiff was to move to file a "late notice of claim for permission to file a wrongful death cause of action." The court therefore converted her application into such motion, giving her 30 days within which to do so.

We find that, on the record before us, it was error for the court to deny plaintiff's motion. General Municipal Law § 50-e (6) provides that any "mistake, omission, irregularity or defect" in a notice of claim may be "corrected, supplied or disregarded" in the court's discretion, where the mistake was made in good faith and the municipality was not prejudiced thereby (*D'Alessandro v New York City Tr. Auth.*, 83 NY2d 891). Here, there is no allegation that the omission of the diagnosis date was made in bad faith. Rather, the City makes only a general claim of prejudice, alleging that because it did not know if the claim was valid or time-barred, it could not properly determine what "priority" to assign the investigation. While the City of course may choose to raise a Statute of Limitations defense to plaintiff's claim, the information actually provided in the notice was sufficient to enable the City to commence an investigation.

Accordingly, rather than denying plaintiff's motion, thereby depriving her of certain claims, the court should have permitted her to amend the notice of claim to add a wrongful death cause of action. Concur—Milonas, P. J., Rubin, Tom, Mazzarelli and Colabella, JJ.