■ PABLO FABIAN, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. [707 NYS2d 36] —Order, Supreme Court, New York County (Robert Lippmann, J.), entered February 4, 1999, which granted defendant's motion to dismiss the complaint and denied plaintiff's cross motion for leave to amend his notice of claim and complaint, unanimously reversed, on the law, without costs, the motion denied, the complaint reinstated, and the cross motion granted.

The precise date of plaintiff's accident, in September 1995, was confirmed at the evidentiary hearing in May 1998, where plaintiff's counsel and defendant's examiner agreed that the pleadings, the bill of particulars and the notice of claim would be amended to reflect the correct date. Plaintiff subsequently changed attorneys, and no effort to amend was made until December 1998, in response to defendant's dismissal motion.

General Municipal Law § 50-e (6) permits amendment to correct a mistake or defect in a notice of claim "at any stage" of a proceeding, provided the other party is not prejudiced thereby. A similar rule applies in amending incorrect pleadings (*Edenwald Contr. Co. v City of New York*, 60 NY2d 957). In making a determination as to prejudice, the court may look to evidence adduced at the evidentiary hearing (*D'Alessandro v New York City Tr. Auth.*, 83 NY2d 891). With the police incident report and plaintiff's hospital records identified and presumably at hand, defendant is unable to demonstrate how it has been prejudiced by the inaccurate date that was left uncorrected for an additional seven months after the hearing (*Sanchez v City of New York*, 25 AD2d 731; *see also*, *Perez v City of New York*, 228 AD2d 164). Concur—Williams, J. P., Wallach, Saxe and Buckley, JJ.