■ MODESTA ARROYO, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [785 NYS2d 60]—

Order, Supreme Court, Bronx County (Douglas E. McKeon, J.), entered April 11, 2003, which, in an action for personal injuries allegedly sustained when plaintiff tripped in a hole in a pathway on defendant Housing Authority's grounds, granted plaintiff's motion to renew a prior order, entered December 14, 2000, dismissing the action for failure to serve a timely notice of claim, and, upon renewal, vacated the prior order and granted plaintiff leave to amend the notice of claim and complaint so as to change the date of the accident from January 2, 1999 to January 3, 1999, unanimously affirmed, without costs.

The issue on the prior motion, made on June 23, 2000 after the statute of limitations had run, was the timeliness of plaintiff's notice of claim, alleging an accident on January 2, 1999 and served 93 days later on April 5, 1999, the Monday following Good Friday. The motion court, rejecting plaintiff's argument that Good Friday is a legal holiday, held that the notice of claim was untimely and that the action was time-barred since plaintiff had never moved for leave to serve a late notice of claim. After filing a notice of appeal that was never perfected, plaintiff's attorney discovered that the records of the emergency room plaintiff had visited the day after the accident indicated that the accident actually happened on January 3, 1999, not January 2. On December 11, 2001, plaintiff moved to renew the prior order, submitting the emergency room records and an affidavit purporting to explain her confusion as to the date of the accident. The motion court properly granted renewal upon an adequate showing of inadvertence and in the interest of "substantive fairness" (*see Garner v Latimer*, 306 AD2d 209, 210 [2003]). Although the emergency room records indicating the correct date of the accident were in existence at the time of the original motion to dismiss, the date of the accident was not then in issue, and thus plaintiff's attorney had no reason to obtain confirmatory documents (CPLR 2221 [e] [3]). Upon renewal, leave to amend the notice of claim so as to change the date of the accident was properly granted as it does not appear that defendant's investigation of the accident was prejudiced by plaintiff's delay in correcting the mistake (General Municipal Law § 50-e [6]; *see Fabian v New York City Tr. Auth.*, 271 AD2d 244 [2000]). Concur—Buckley, P.J., Nardelli, Saxe, Sullivan and Gonzalez, JJ.