■ NORMAN BATISTA et al., Respondents-Appellants, v CITY OF NEW YORK et al., Appellants-Respondents. [790 NYS2d 445]—

---

Order, Supreme Court, New York County (Faviola A. Soto, J.), entered June 11, 2003, which, inter alia, granted in part and denied in part defendants' motion for summary judgment, and directed plaintiff Norman Batista to answer certain questions as to which he had asserted his Fifth Amendment rights at his deposition, but denied defendants' request to compel answers to certain other questions, unanimously modified, on the law, defendants' summary judgment motion granted to the further extent of dismissing plaintiffs' claims for false arrest and imprisonment and malicious prosecution, and Batista directed to answer defendants' deposition questions to the extent indicated herein, and otherwise affirmed, without costs.

Since the record discloses that there was probable cause for Mr. Batista's arrest, his claims for false arrest and imprisonment and malicious prosecution should have been dismissed (*see Gisondi v Town of Harrison*, 72 NY2d 280, 283 [1988]; *Grant v Barnes & Noble*, 284 AD2d 238 [2001]). Batista was observed entering a known drug location at which a confidential informant had purchased drugs on three separate occasions, the latest only recently. Batista was escorted inside by a man fitting the confidential informant's description of the "doorman" evidently assigned to watch the front entrance for the seller. When the police, in the course of executing the search warrant issued for the location, announced their presence outside the door to the apartment to which Batista had been admitted, they heard "running" and "scurrying" inside, and when they attempted to ram the door, they found that it was fortified by a length of wood. Upon entering the apartment, the officers noted that it was practically unfurnished and did not appear lived in, further supporting the inference that it was a drug-selling location. Under these circumstances, the police were entitled to infer that Batista's presence at the apartment was for the purpose of trafficking in narcotics and, accordingly, that he either had committed or was committing a crime (*see People v Graham*, 211 AD2d 55, 58-59 [1995], *lv denied* 86 NY2d 795 [1995]). This was a sufficient predicate for Batista's arrest; proof to sustain a criminal conviction was not required (*People v Bigelow*, 66 NY2d 417, 423 [1985]; *People v Graham, supra,* 211 AD2d at 58).

The court properly dismissed the claim for failure to provide necessary medical attention, since plaintiffs failed to notify defendant City of the claim in accordance with General Municipal Law § 50-e. Plaintiffs' general claims for violations of civil rights and intentional infliction of emotional distress were insufficient to alert the City as to this claim (*see Davidson v Bronx Mun.*

*Hosp.*, 64 NY2d 59 [1984]; *O'Brien v City of Syracuse*, 54 NY2d 353, 358 [1981]). Nor was Batista's General Municipal Law § 50-h hearing testimony sufficient to provide the required notice. In any event, plaintiffs have not moved to amend their notice of claim, and the time to do so has expired (*see* General Municipal Law § 50-i [1] [c]; *cf. Perez v City of New York*, 228 AD2d 164 [1996]).

Plaintiffs may not maintain the instant action while denying defendants information material and necessary to their defense by invoking the Fifth Amendment privilege against self-incrimination (*see Laverne v Incorporated. Vil. of Laurel Hollow*, 18 NY2d 635, 638 [1966], *appeal dismissed* 386 US 682 [1967]; *Federal Chandros v Silverite Constr. Co.*, 167 AD2d 315 [1990], *appeal dismissed and lv denied* 77 NY2d 893 [1991]). Defendants' deposition questions in the three areas the motion court identified as protected by the privilege are relevant to the defense (*see* CPLR 3101 [a]; *Laverne v Incorporated Vil. of Laurel Hollow, supra*), but only insofar as the information sought by defendants' questions relates to Polanco, the person who was arrested with Batista. Thus, the court improvidently exercised its discretion when it limited the scope of defendants' questions by prohibiting inquiry into these areas, to the extent the answers would relate to Polanco. Should plaintiff continue to invoke his Fifth Amendment right against self-incrimination, he does so at the risk of having his complaint dismissed (*see Laverne v Incorporated Vil. of Laurel Hollow, supra; Levine v Bornstein*, 13 Misc 2d 161 [1958], *affd* 7 AD2d 995 [1959], *affd* 6 NY2d 892 [1959]; *Federal Chandros v Silverite Constr. Co., supra; Miller v United Parcel Serv.*, 143 AD2d 820 [1988]). Concur—Tom, J.P., Saxe, Marlow and Sweeny, JJ.