■ CAROL ELLIOT, Appellant, v COUNTY OF NASSAU et al., Respondents, et al., Defendant. [862 NYS2d 90]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Woodard, J.), entered April 30, 2007, as granted those branches of the separate motions of the defendants County of Nassau and Incorporated Village of Valley Stream which were to dismiss the complaint insofar as asserted against each of them on the ground that the plaintiff failed to timely serve notices of claim and granted that branch of the motion of the defendant Town of Hempstead which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendant Town of Hempstead which was for summary judgment dismissing the complaint insofar as asserted against it and substituting therefor a provision denying that branch of the motion with leave to renew after discovery; as so modified, the order is affirmed insofar as appealed from, with one bill of costs payable by the defendant Town of Hempstead to the plaintiff, and one bill of costs payable by the plaintiff to the defendant Incorporated Village of Valley Stream.

The plaintiff alleges that on March 4, 2005 she was injured when she tripped and fell over a broken piece of curb located in the Incorporated Village of Valley Stream. However, the plaintiff's notices of claim stated an accident date of March 3, 2005. The notices of claim were served upon the County of Nassau and the Village on June 2, 2005. Approximately three months later, the plaintiff served second amended notices of claim upon the County and the Village, without leave of court, wherein she asserted that the accident took place on March 4, 2005.

The Supreme Court correctly granted those branches of the respective motions of the County and the Village which were to dismiss the complaint insofar as asserted against each of them. As a condition precedent to the plaintiff's lawsuit against these defendants, she was required to serve a notice of claim within 90 days after the accident date (see General Municipal Law § 50-e [1] [a]; see also Klein v City of Yonkers, 53 NY2d 1011 [1981]). Although the June 2, 2005 notices of claim were timely as measured from March 4, 2005, the actual date of the ac-

cident, they were not timely as measured from the incorrect accident date of March 3, 2005, which was stated in the notices. Contrary to the plaintiff's contention, she could not merely amend her notices of claim to reflect the actual accident date without leave of court (*see* General Municipal Law § 50-e [6]; *Gatewood v Poughkeepsie Hous. Auth.*, 28 AD3d 515 [2006]). Under the circumstances of this case, the plaintiff had to move for leave to file a late notice of claim (*see* General Municipal Law § 50-e [5]). In the absence of any motion by the plaintiff, the court could not deem the notices of claim timely served, and thus those branches of the respective motions of the County and the Village which were to dismiss the complaint insofar as asserted against each of them were properly granted (*see Pierre v City of New York*, 22 AD3d 733 [2005]).

However, the Supreme Court should have denied that branch of the motion of the defendant Town of Hempstead which was for summary judgment dismissing the complaint insofar as asserted against it. The Town's motion addressed the merits of the complaint and not the issue concerning late notice of claim. "A party should be afforded a reasonable opportunity to conduct discovery prior to the determination of a motion for summary judgment" (*Amico v Melville Volunteer Fire Co., Inc.*, 39 AD3d 784, 785 [2007]; *see also Urcan v Cocarelli*, 234 AD2d 537 [1996]). Under the circumstances of this case, where it is undisputed that no discovery has yet taken place, that branch of the Town's motion which was for summary judgment dismissing the complaint insofar as asserted against it should have been denied as premature (*see* CPLR 3212 [f]; *Fazio v Brandywine Realty Trust*, 29 AD3d 939 [2006]; *Juseinoski v New York Hosp. Med. Ctr. of Queens*, 29 AD3d 636 [2006]; *Manufacturers & Traders Trust Co. v North Fork Bank*, 16 AD3d 467 [2005]).

The plaintiff's remaining contentions are without merit. Spolzino, J.P., Santucci, Eng and Leventhal, JJ., concur.