■ BRIAN RITCHIE et al., Respondents, v FELIX ASSOCIATES, LLC, et al., Appellants, et al., Defendants. (And a Third-Party Action.) [873 NYS2d 628]—

Order, Supreme Court, New York County (Walter B. Tolub, J.), entered August 20, 2008, which, in an action for personal injuries sustained by plaintiff Brian Ritchie when he tripped and fell as he stepped off an allegedly improperly constructed sidewalk curb, granted plaintiffs' motion for leave to amend the notice of claim, complaint and all subsequent pleadings to correct the date of the accident from March 15, 2005 to March 2, 2005, and denied defendants-appellants' cross motion to amend the answer of defendant City of New York and for summary judgment dismissing the complaint and cross claims based on plaintiffs' failure to satisfy the requirements of General Municipal Law § 50-e (2), unanimously affirmed, without costs.

The court providently exercised its discretion in granting plaintiffs' motion (*see* General Municipal Law § 50-e [6]). Although three years passed between the date of the accident and the subject motion, the record does not demonstrate any lack of good faith on plaintiffs' part. Furthermore, given that discovery in this action has not commenced, defendants fail to demonstrate any actual prejudice, nor is there any apparent prejudice to them given the nontransitory nature of the defect (*see Matter of Puzio v City of New York*, 24 AD3d 679 [2005]; *Fabian v New York City Tr. Auth.*, 271 AD2d 244 [2000]). Concur—Mazzarelli, J.P., Gonzalez, Sweeny, McGuire and DeGrasse, JJ. [*See* 2008 NY Slip Op 32340(U).]