■ VINCENT RAMOS, Individually and as Administrator of the Estate of DORIS RAMOS, Deceased, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. [876 NYS2d 13]—

Order, Supreme Court, New York County (Donna M. Mills, J.), entered December 12, 2007, which, in an action for personal injuries and wrongful death allegedly caused by the negligence of defendant Transit Authority's bus driver in discharging plaintiff's wheelchair-bound decedent from a bus, granted defendant's motion to dismiss the wrongful death cause of action for failure to serve a notice of claim alleging wrongful death, and denied plaintiff's cross motion to amend a notice of claim

alleging personal injuries so as to add a claim for wrongful death, unanimously reversed, on the law and the facts, without costs, the motion to dismiss denied and the cross motion to amend granted.

The issue presented by this appeal is whether General Municipal Law § 50-e (6) authorizes amendment of a timely served notice of claim to add a wrongful death claim.

On July 28, 2004, Doris Ramos, age 66 and confined to a wheelchair, was traveling south on an M11 bus along on 9th Avenue in Manhattan. She alleged that she was injured when the bus driver negligently placed her in the wheelchair lift at 60th Street and 9th Avenue. Ramos claimed that her wheelchair rolled off the lift, and that she was thrown to the ground, face first, thereby sustaining serious injuries.

On September 10, 2004, Doris Ramos and Vincent Ramos timely served a notice of claim describing the accident and detailing the injuries at that point in time. Following Doris Ramos's death on January 5, 2005, letters of administration were granted to Vincent Ramos on September 26, 2005. On November 10, 2005, Ramos filed a verified summons and complaint setting forth causes of action for wrongful death, conscious pain and suffering, and loss of services; the summons and complaint were served on November 22, 2005. On or about January 23, 2006, defendant served a verified answer, and issue was joined.

By notice of motion dated May 22, 2007, defendant moved to dismiss the wrongful death cause of action, alleging that Ramos had failed to state a cause of action and had failed to meet the notice of claim requirements of General Municipal Law § 50-e and Public Authorities Law § 1212.

Ramos opposed defendant's motion, and cross-moved to amend the original notice of claim to add a claim for wrongful death arising out of the same circumstances set forth in the original notice of claim. Ramos argued, among other things, that it was permissible under General Municipal Law § 50-e (6) to amend an existing and timely filed notice of claim to add a claim for wrongful death arising out of the circumstances enumerated in the original notice of claim.

By order entered on December 12, 2007, the motion court granted defendant's motion to dismiss, and denied Ramos's cross motion to amend the original notice of claim. The court determined that General Municipal Law § 50-e (6) authorized merely the amendment of technical defects or omissions, not substantive changes in the theory of liability. In that regard, the court found that an action to recover damages for conscious

pain and suffering is materially distinct from a cause of action to recover damages resulting from a decedent's death. The court explained that recovery for conscious pain and suffering accrues to the decedent's estate, whereas the damages for wrongful death are for the benefit of the decedent's distributees who have suffered pecuniary injury, and thus are predicated on different theories of loss which accrue to different parties.

For the reasons set forth below, we find that it was error for the motion court to deny Ramos's cross motion.

It is true that the summons and complaint served by plaintiff within 90 days of his appointment as the decedent's administrator were not a substitute for the notice of claim for wrongful death required by Public Authorities Law § 1212 (2) and § 2980 and General Municipal Law § 50-e (1). However, General Municipal Law § 50-e (6) provides that any "mistake, omission, irregularity or defect made in good faith in the notice of claim required to be served by this section . . . may be corrected, supplied or disregarded, as the case may be, in the discretion of the court, provided it shall appear that the other party was not prejudiced thereby." In fact, we have consistently held that a plaintiff may amend a notice of claim to include derivative claims predicated on the same facts already included in the original notice of claim (*see Sciolto v New York City Tr. Auth.*, 288 AD2d 144 [2001]). Similarly, the Fourth Department has squarely held that a plaintiff may add a claim for wrongful death pursuant to General Municipal Law § 50-e (6) (*Matter of Scheel v City of Syracuse*, 97 AD2d 978 [1983]).

In the instant matter, it cannot be disputed that the wrongful death claim results from the same facts as were alleged in a timely and otherwise admittedly valid notice of claim for personal injuries. Because the wrongful death claim simply adds an item of damages that must be proven by the aggrieved party, we find that plaintiff should be granted leave to amend the notice of claim pursuant to General Municipal Law § 50-e (6).

Furthermore, we find that allowing an amendment to the original notice of claim in order to add a claim for wrongful death does not cause defendant any prejudice (General Municipal Law § 50-e [6]). It is well settled that the purpose of the notice of claim requirement is to allow the municipality to investigate the claim while the information is still available and before witnesses depart or conditions change (*see Matter of Beary v City of Rye*, 44 NY2d 398, 412-413 [1978]). The test of the notice's sufficiency is " 'whether it includes information sufficient to enable the city to investigate the claim' " (*Goodwin v New York City Hous. Auth.*, 42 AD3d 63, 68 [2007], quoting *O'Brien v City of Syracuse*, 54 NY2d 353, 358 [1981]).

We note that defendant waited 2½ years to move to dismiss for failure to file a notice of claim. Setting that fact aside, there can be no dispute that the facts giving rise to the wrongful death claim are identical to that series of events which formed the basis for the original claim for personal injuries. Thus, the delay in asserting the wrongful death claim could not possibly have prejudiced defendant in maintaining its defense on the merits. Accordingly, the amendment to the original notice of claim should be allowed (see Scheel, 97 AD2d at 978; cf. Perry v City of New York, 246 AD2d 380 [1998]). In view of the foregoing, we do not reach plaintiff's other arguments. Concur—Gonzalez, J.P., Buckley, Catterson, McGuire and Acosta, JJ.