■ JUANITA YOUNG, Respondent, v CITY OF NEW YORK et al., Appellants. [898 NYS2d 33]—

Judgment, Supreme Court, Bronx County (John A. Barone, J.), entered on or about September 22, 2008, after a jury trial, awarding plaintiff $600,000 for past pain and suffering, $500,000 for 10 years of future pain and suffering, and $250,000 for the violation of her civil rights, unanimously modified, on

the law and the facts, to vacate the award for the claim of civil rights violation and the awards for past and future pain and suffering, and the matter remanded for a new trial solely as to damages for plaintiff's past and future pain and suffering, and otherwise affirmed, without costs, unless plaintiff, within 30 days after service of a copy of this order, stipulates to reduce the award of past pain and suffering from $600,000 to $300,000 and the award of future pain and suffering from $500,000 to $150,000, and to entry of an amended judgment in accordance therewith.

On the morning of June 7, 2003, at 6:50 A.M., plaintiff's landlord called the police to report that plaintiff, who had previously been evicted from her apartment, had re-entered it without permission. Police Officers Hernandez and Cambridge responded, and after the landlord showed them an eviction letter from the marshal and unlocked the apartment with a key, the officers entered unannounced and, finding plaintiff in bed, arrested her for criminal trespass.

After plaintiff was handcuffed from behind by Officer Cambridge, Officer Hernandez walked her into the hallway and down the steps. Plaintiff testified that because she is legally blind she needed to go down the steps slowly, but Officer Hernandez repeatedly told her to hurry, and she felt a "medium shove" or push from behind from the side of his body, which caused her to fall to the bottom of the landing. Officer Hernandez then angrily tried to pull her up by the handcuffs. She got up and continued down the steps, only to be pushed and to fall a second time, banging into a door at the landing, and a third time, whereupon the officer again tried to raise her by pulling on the handcuffs. Datron Garnett, a 12-year-old friend of plaintiff's son, saw the incident, and his testimony confirmed plaintiff's in this respect.

Officer Hernandez indicated on the arrest report that he had used force on plaintiff to "restrain, control and remove" her, but he testified that he walked her out of the apartment and down the narrow stairs holding her elbow, and he denied that he pushed her or that she fell on the stairs.

According to plaintiff, while riding to the precinct, Hernandez said to her, "No rallies for you today," which she understood as a reference to her ongoing involvement in rallies against police brutality.

Rather than issuing a desk appearance ticket (DAT) at the precinct, as was permissible because criminal trespass is a misdemeanor, Officer Hernandez decided to hold plaintiff in custody because he wanted to give the landlord time to change the lock

before plaintiff had the chance to re-enter the apartment, and with a DAT, plaintiff would have been released in about four hours.

While she was in the precinct holding cell, plaintiff complained about pain in her right hand, and the handcuffs were removed. According to plaintiff, an ambulance came, and, when asked, she responded that she wanted to go to the hospital, but the ambulance went away and did not return. When a second ambulance came, one of the officers offered to issue a DAT so she could go to the hospital, but she said, "No, you hurt[ ] me. You're taking me to the hospital." Officer Hernandez confirmed in his testimony that plaintiff had complained about pain in her right arm after the arrest and that someone called an ambulance, which took her to the hospital in handcuffs.

In the hospital, plaintiff was shackled to a wheelchair when she was taken for X rays. In the emergency room, her hand was put in a splint and wrapped in an Ace bandage and her arm was put in a sling, and she was given pain medicine and a prescription for Demerol.

She was then returned to the precinct holding cell and shuttled back and forth from there to central booking four times, and then to a different precinct. She was brought to court on the following day at about 12:00 P.M., and released on her own recognizance some time after 4:00 P.M.

Plaintiff then brought this action, asserting causes of action for false arrest, false imprisonment, malicious prosecution, negligence, and violation of federal civil rights (42 USC § 1983). She argued that she was arrested without probable cause, was assaulted and suffered an injury to her right wrist when Hernandez used excessive force, was wrongfully taken into custody rather than given a DAT, and was wrongfully held for an excessive period of time in an effort to delay her release, motivated by ill will.

The trial court correctly dismissed the false arrest, false imprisonment and malicious prosecution claims, since the police had probable cause, which constitutes a complete defense (*see Batista v City of New York*, 15 AD3d 304, 305 [2005]).

The jury found that Officer Hernandez had used excessive force and been negligent during the arrest, and that the excessive force and negligence were substantial factors in causing plaintiff's injury; it awarded $600,000 for past pain and suffering and $500,000 for 10 years of future pain and suffering. It also found that the detention violated plaintiff's civil rights, and awarded $250,000 in damages on that claim.

Plaintiff's theory is that Hernandez's decision not to issue a

DAT amounted to a civil rights violation, entitling her to damages. We conclude that because the arresting officer's initial decision not to issue a DAT was not objectively unreasonable, and because while plaintiff was still in the precinct's holding cell she declined an officer's subsequent offer to write up a DAT because she believed the police should take her to the hospital rather than releasing her to go there herself, the failure to issue a DAT was not a violation of plaintiff's civil rights. Moreover, the damages for her physical injury were covered by the pain and suffering award, and could not be relied on to establish damages for the claimed civil rights violation.

The damages awards for past and future suffering exceeded reasonable compensation to the extent indicated (*see* CPLR 5501 [c]). Concur—Andrias, J.P., Saxe, Sweeny and Freedman, JJ.