■ GLADYS SANCHEZ, Respondent, v CITY OF NEW YORK et al., Appellants, et al., Defendants. [929 NYS2d 744]—

General Municipal Law § 50-e (6) authorizes a court, in its discretion, to grant leave to serve an amended notice of claim where the error in the original notice was made in good faith and where the other party has not been prejudiced thereby. Here, there is no indication that the typographical error in setting forth the accident date in the original notice of claim was made in bad faith. Moreover, the appellants did not demonstrate any actual prejudice as a result of the error, and the record discloses no basis to presume the existence of prejudice. Furthermore, contrary to the appellants' contention, a claimant is not precluded from seeking relief pursuant to General Municipal Law § 50-e (6) because an error in setting forth the accident date in the original notice of claim makes it appear that the notice of claim was served beyond the 90-day statutory period (*see Matter of Puzio v City of New York*, 24 AD3d 679 [2005]; *Matter of Berko v City of New York*, 302 AD2d 594, 595 [2003]; *Perry v City of New York*, 246 AD2d 380, 381 [1998]; *cf. Elliot v County of Nassau*, 53 AD3d 561, 562-563 [2008]). Accordingly, the Supreme Court providently exercised its discretion in granting the plaintiff's motion for leave to serve an amended notice of claim and properly denied the appellants' cross motion for summary judgment dismissing the complaint insofar as asserted against them based upon the plaintiff's alleged failure to serve a timely notice of claim (*see Ritchie v Felix Assoc., LLC*, 60 AD3d 402 [2009]; *Gatewood v Poughkeepsie Hous. Auth.*, 28 AD3d 515 [2006]; *Matter of Puzio v City of New York*, 24 AD3d 679 [2005]; *Lin v City of New York*, 305 AD2d 553, 554 [2003]; *Matter of Berko v City of New York*, 302 AD2d at 595; *Rosetti v City of Yonkers*, 288 AD2d 287, 288 [2001]; *Formanek v New York City Hous. Auth.*, 197 AD2d 664 [1993]; *Zinnamon v City of New York*, 197 AD2d 618 [1993]). Dillon, J.P., Eng, Sgroi and Miller, JJ., concur.