■ CHRISTINE COPELAND, Appellant, v CITY OF NEW YORK, Respondent. [934 NYS2d 315]—

Pursuant to General Municipal Law § 50-e (6), a court has discretion to grant leave to serve an amended notice of claim where the error in the original notice was made in good faith and where the other party has not been prejudiced thereby (*see Sanchez v City of New York*, 87 AD3d 576 [2011]). Here, there is no indication that the typographical error regarding the date of the accident in the original notice of claim was made in bad faith, the defendant did not demonstrate any actual prejudice to it as a result of the error, and the record does not give rise to a

presumption of the existence of such prejudice. Further, a claimant who erroneously sets forth the date of the accident in the original notice of claim such that it appears that the notice of claim was served beyond the 90-day statutory period is not precluded from seeking relief pursuant to General Municipal Law § 50-e (6) (*see Sanchez v City of New* York, 87 AD3d 576 [2011]; *cf. Elliot v County of Nassau*, 53 AD3d 561, 562-563 [2008]).

Accordingly, the Supreme Court improvidently exercised its discretion in denying the plaintiff's cross motion for leave to serve an amended notice of claim and should have denied the defendant's motion to dismiss the complaint based upon the plaintiff's alleged failure to serve a timely notice of claim (*see Sanchez v City of New York*, 87 AD3d 576 [2011]; *Ritchie v Felix Assoc., LLC*, 60 AD3d 402 [2009]; *Gatewood v Poughkeepsie Hous. Auth.*, 28 AD3d 515 [2006]; *Matter of Puzio v City of New York*, 24 AD3d 679 [2005]). Skelos, J.P., Angiolillo, Belen, Lott and Roman, JJ., concur.