■ Deborah Bowers, Respondent, v City of New York, Defendant, and New York City Transit Authority, Appellant.
[47 NYS3d 409]—

In an action to recover damages for personal injuries, the defendant New York City Transit Authority appeals from an order of the Supreme Court, Queens County (Gavrin, J.), entered December 28, 2015, which denied its motion to dismiss the complaint insofar as asserted against it and granted the plaintiff's cross motion for leave to amend the notice of claim and the pleadings to reflect the correct date of the occurrence.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly was injured when she slipped and fell while descending a stairway of a subway station in Queens. On June 1, 2012, the plaintiff served a notice of claim upon the defendant New York City Transit Authority (hereinafter the Transit Authority) alleging, inter alia, that the accident occurred at approximately 11:00 p.m. on March 2, 2012. On June 26, 2012, the plaintiff testified at a hearing pursuant to General Municipal Law § 50-h. The plaintiff commenced this action in late May 2013, and issue was joined in or around September 2013. In her verified bill of particulars dated September 11, 2014, the plaintiff alleged that the accident took place on March 2, 2012, at approximately 12:00 a.m. Thereafter, the Transit Authority moved to dismiss the complaint insofar as asserted against it on the ground that the notice of claim was not timely served pursuant to General Municipal Law § 50-e and Public Authorities Law § 1212 as it should have been served no later than May 31, 2012, which was 90 days after the claim accrued. The plaintiff cross-moved, inter alia, pursuant to General Municipal Law § 50-e (6), for leave to amend the notice of claim and the pleadings to reflect that the correct date of the accident was March 3, 2012. In support of her cross motion, she submitted, inter alia, a police department aided report containing a March 3, 2012, date and a prehospital care report summary indicating that an ambulance was dispatched shortly after midnight on the morning of March 3, 2012. The Supreme Court denied the Transit Authority's motion to dismiss and granted the plaintiff's cross motion.

A notice of claim must state "the time when, the place where and the manner in which the claim arose" (General Municipal Law § 50-e [2]). Service of a notice of claim within 90 days after accrual of the claim is a condition precedent to the commencement of a tort action against a municipality or a public

benefit corporation such as the Transit Authority (*see* General Municipal Law § 50-e [1] [a]; *Se Dae Yang v New York City Health & Hosps. Corp.*, 140 AD3d 1051, 1052 [2016]). " 'The purpose of the statutory notice of claim requirement is to afford the public corporation an adequate opportunity to investigate the circumstances surrounding the accident and to explore the merits of the claim while information is still readily available' " (*Avery v New York City Tr. Auth.*, 138 AD3d 770, 771 [2016], quoting *Vallejo-Bayas v New York City Tr. Auth.*, 103 AD3d 881, 882 [2013]). " 'General Municipal Law § 50-e was not meant as a sword to cut down honest claims, but merely as a shield to protect municipalities against spurious ones' " (*Se Dae Yang v New York City Health & Hosps. Corp.*, 140 AD3d at 1052, quoting *DeLeonibus v Scognamillo*, 183 AD2d 697, 698 [1992]). Thus, "a court may, in its discretion, allow a mistake, irregularity, or defect in a notice of claim to be corrected as long as that mistake, irregularity, or defect was made in good faith and the public corporation was not prejudiced thereby" (*Ming v City of New York*, 54 AD3d 1011, 1011-1012 [2008]; *see* General Municipal Law § 50-e [6]).

Here, mere minutes constituted the difference between whether the plaintiff's fall occurred on March 2, 2012, or March 3, 2012. Under these circumstances, the Supreme Court providently exercised its discretion in granting the plaintiff's cross motion for leave to amend the notice of claim and the pleadings to reflect March 3, 2012, as the correct date of the accident. There is no indication that the date originally set forth in the notice of claim as the accident date, March 2, 2012, was set forth in bad faith, the Transit Authority did not demonstrate any actual prejudice as a result of the discrepancy, and the record discloses no basis to presume the existence of prejudice (*see* General Municipal Law § 50-e [6]; CPLR 3025 [b]; *Copeland v City of New York*, 90 AD3d 691 [2011]; *Sanchez v City of New York*, 87 AD3d 576 [2011]; *Gatewood v Poughkeepsie Hous. Auth.*, 28 AD3d 515 [2006]; *Matter of Puzio v City of New York*, 24 AD3d 679 [2005]; *Zinnamon v City of New York*, 197 AD2d 618 [1993]; *Formanek v New York City Hous. Auth.*, 197 AD2d 664 [1993]; *cf. Matter of Newcomb v Middle Country Cent. Sch. Dist.*, 28 NY3d 455 [2016]). Accordingly, the court also properly denied the Transit Authority's motion to dismiss the complaint insofar as asserted against it (*see Sanchez v City of New York*, 87 AD3d at 577).

The Transit Authority's remaining contentions either have been rendered academic by our determination or are improperly raised for the first time on appeal. Mastro, J.P., Dillon, Balkin and Maltese, JJ., concur.