Tiburcio v City of New York (2019 NY Slip Op 03537)





Tiburcio v City of New York


2019 NY Slip Op 03537


Decided on May 7, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 7, 2019

Renwick, J.P., Richter, Tom, Kapnick, Kern, JJ.


9225 303264/14

[*1]Luis Tiburcio, Plaintiff-Appellant,
v
The City of New York, et al., Defendants-Respondents.


Raskin & Kremins, LLP, New York (Rhonda Katz of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Jonathan A. Popolow of counsel), for respondents.



Order, Supreme Court, Bronx County (Julia I. Rodriguez, J.), entered on or about September 21, 2017, which, in this action alleging, inter alia, false arrest, false imprisonment, malicious prosecution and violation of constitutional rights under 42 USC § 1983, granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Defendant Officer Martinez's observations of plaintiff spray painting the gate of a church, the recovery of the same color spray paint from his person, and the existence of paint on plaintiff's hand established probable cause for the arrest, and thus provided defendants a complete defense to the claims of false arrest, false imprisonment and malicious prosecution (see De Lourdes Torres v Jones, 26 NY3d 742, 759-761 [2016]; Batista v City of New York, 15 AD3d 304 [2005]), notwithstanding the subsequent dismissal of the criminal charges (see Arzeno v Mack, 39 AD3d 341 [2007]). Plaintiff failed to establish bad faith by the officers with respect to false arrest, or actual malice with respect to malicious prosecution (see Jenkins v City of New York, 2 AD3d 291 [1st Dept 2003]). Plaintiff's claims of assault and battery are also not viable since the act of handcuffing plaintiff pursuant to a lawful arrest was entirely reasonable (see Fowler v City of New York, 156 AD3d 512 [1st Dept 2017], lv dismissed 31 NY3d 1042 [2018]).
Furthermore, the existence of probable cause to arrest and prosecute plaintiff entitled Officer Martinez to qualified immunity under the circumstances (see e.g. Amore v Novarro, 624 F3d 522 [2d Cir 2010]).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 7, 2019
CLERK