Connors v County of Erie (2023 NY Slip Op 01448)

Connors v County of Erie

2023 NY Slip Op 01448

Decided on March 17, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, LINDLEY, BANNISTER, AND MONTOUR, JJ.

1010 CA 22-00025

[*1]DARLENE CONNORS, PLAINTIFF-RESPONDENT,
v
COUNTY OF ERIE, DEFENDANT-APPELLANT, ET AL., DEFENDANT. 

MICHAEL A. SIRAGUSA, COUNTY ATTORNEY, BUFFALO (AMANDA M. SOMMA OF COUNSEL), FOR DEFENDANT-APPELLANT.
LOTEMPIO P.C. LAW GROUP, BUFFALO (ANDREW T. GILL OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from an order of the Supreme Court, Erie County (Lynn W. Keane, J.), entered November 30, 2021. The order denied the motion of defendant County of Erie to dismiss the complaint against it. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this slip and fall personal injury action, defendant County of Erie (County) appeals from an order that denied its motion to dismiss the complaint against it. In its decision, Supreme Court rejected the County's contentions that the complaint should be dismissed because the notice of claim, which contained the incorrect date of the accident, was a nullity and the amended notice of claim served by plaintiff prejudiced the County. Contrary to the County's contention, the court did not commit reversible error in denying the motion. We therefore affirm.
The amended notice of claim changed the date of the accident set forth in the original notice of claim from January 6, 2019 to February 6, 2019. General Municipal Law § 50-e (6) states in relevant part that a court, at "any time" and at "any stage" of the action or proceeding, has discretion to permit a notice of claim to be "corrected" provided that the "mistake, omission, irregularity or defect" was made in good faith and that the other party would not be prejudiced thereby (see Copeland v City of New York, 90 AD3d 691, 691 [2d Dept 2011]; Betette v County of Monroe, 82 AD3d 1708, 1710 [4th Dept 2011]). Here, there is no dispute that the mistake in the notice of claim with regard to the date of plaintiff's accident was made in good faith, and we conclude that the court did not abuse its discretion in determining that the County failed to establish
prejudice arising from the amendment.
Entered: March 17, 2023
Ann Dillon Flynn
Clerk of the Court