Small v DMRJ Group LLC (2023 NY Slip Op 05551)

Small v DMRJ Group LLC

2023 NY Slip Op 05551

Decided on November 02, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 02, 2023

Before: Oing, J.P., Moulton, González, Shulman, Rosado, JJ. 

Index No. 654522/18 Appeal No. 956 Case No. 2022-03226 

[*1]Daniel Small, Plaintiff-Appellant,
v
DMRJ Group LLC, Defendant-Respondent.

Daniel Small, appellant pro se.
Holland & Knight LLP, New York (Warren E. Gluck and Qian (Sheila) Shen of counsel), for respondent.

Order, Supreme Court, New York County (Joel M. Cohen, J.), entered June 23, 2022, which granted defendant's motion for summary judgment dismissing the complaint and denied plaintiff's motion for summary judgment, unanimously affirmed, with costs.
Plaintiff was a portfolio manager for numerous investments of Platinum Partners, L.P. (Platinum), a collapsed New York-based hedge fund. As part of plaintiff's compensation for his services, he was made a member of defendant DMRJ Group LLC and became entitled to distributions under certain circumstances. Defendant had been formed to hold Platinum's investment in Implant Sciences Corp., which plaintiff managed. Plaintiff also co-managed one of Platinum's largest investments, Black Elk Energy Offshore Operations, LLC (Black Elk). Plaintiff was convicted of securities fraud and conspiracy to commit securities fraud for his part in a scheme to defraud Black Elk bondholders and deprive them of the proceeds of Black Elk's most valuable assets through misrepresentations and omissions regarding, among other things, Platinum's control over Black Elk bonds (United States v Small, 2023 WL 4373392, 2023 US Dist LEXIS 116092 [SD NY, July 6, 2023]).
In this breach of contract action, plaintiff seeks distributions from defendant pursuant to his membership interest. At his examination before trial (EBT), plaintiff consistently invoked the Fifth Amendment in response to questions relating to Black Elk. After the note of issue was filed, defendant moved for summary judgment dismissing the complaint, arguing that plaintiff's repeated invocation of the Fifth Amendment at his EBT prevented it from obtaining facts relevant to its defense. Supreme Court granted defendant's motion.
Courts have the inherent authority to strike the complaint and dismiss the action where the plaintiff refuses to answer questions posed at an examination before trial on grounds of the privilege against self-incrimination (see Federal Chandros v Silverite Constr. Co., 167 AD2d 315, 316 [1st Dept 1990], appeal dismissed & lv denied 77 NY2d 893 [1991]); accord Steinbrecher v Wapnick, 24 NY2d 354, 363, n 4 [1969]). The only inquiry in reviewing a dismissal made pursuant to this inherent power is whether the questions that the plaintiff refused to answer were material and necessary to the defendant's defense (see CPLR 3101; see e.g. Batista v City of New York, 15 AD3d 304, 306 [1st Dept 2005]).
Defendant was entitled to argue that plaintiff's fraudulent actions relating to Black Elk should deprive him of any compensation, including distributions from defendant, for his services as portfolio manager. In preparing that defense, defendant needed to discover information establishing whether plaintiff's illegal conduct regarding Black Elk, one of Platinum's largest investments, was "central to or a dominant part of" the services he rendered in his role as portfolio manager (McConnell v Commonwealth Pictures Corp., 7 NY2d 465, 471 [1960]; FCI Group, Inc. v [*2]City of New York, 54 AD3d 171, 177 [1st Dept 2008], lv denied 11 NY3d 716 [2009]). Accordingly, plaintiff's actions relating to Black Elk were material and necessary to defendant's defense.
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 2, 2023