24-3071-cv
*Lieder v. City of New York*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6ᵗʰ day of November, two thousand twenty-five.

PRESENT:
> AMALYA L. KEARSE,
> DENNIS JACOBS,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

---

JACOB LIEDER,

> *Plaintiff-Appellant,*

> v.                                                                                    No. 24-3071-cv

CITY OF NEW YORK, NEW YORK CITY DEPARTMENT OF TRANSPORTATION, NEW YORK CITY DEPARTMENT OF PARKS AND RECREATION,

> *Defendants-Cross-Defendants-Appellees,*

> v.

LEWIS KAMMAN, BARBARA CENNAMO,

*Defendants-Cross-Claimants.*

_____

FOR PLAINTIFF-APPELLANT: NORMAN STEINER, The Steiner Law Firm, PLLC, Ossining, NY.

FOR DEFENDANTS-CROSS-
DEFENDANTS-APPELLEES: ELIZABETH I. FREEDMAN (Richard Dearing and Melanie T. West, *on the brief*), of Counsel, *for* Muriel Goode-Trufant, Corporation Counsel of the City of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Brian M. Cogan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on October 7, 2024, is **AFFIRMED**.

Plaintiff-Appellant Jacob Lieder ("Lieder") is a citizen of Australia who was visiting Brooklyn, New York in February of 2022. On the evening of February 18, 2022, Lieder was walking west from a synagogue located at 770 Eastern Parkway to his daughter's house at 670 Eastern Parkway when he tripped and fell, hitting his shoulder against a low brick wall. The next day, Lieder returned to identify a raised portion of sidewalk to which he attributed his fall. Because of his fall, Lieder dislocated his left shoulder, which has caused him pain and requires ongoing medical treatment.

Lieder submitted a Notice of Claim to all defendants, the owners of 672 Eastern Parkway ("Individual Defendants") and the City of New York ("the City"). The Notice included two photographs of a raised portion of sidewalk—on the western side of 672 Eastern Parkway—to which he attributed his fall. Lieder subsequently filed his complaint in the Eastern District of New York and later appeared for a "§ 50-h" hearing.[1] During the hearing, Lieder testified that he believed the defective sidewalk was on the western side of 672 Eastern Parkway closest to 670 Eastern Parkway. Lieder also described the defect in the sidewalk as shallower on one side and narrowing as it approached the curb and the street, which is inconsistent with the defect that he photographed. Both the Individual Defendants and the City moved for summary judgment, which the court granted.[2]

The district court granted summary judgment to the City because it found that the City did not have prior written notice of the defect and that Lieder could not amend his Notice of Claim to change the location of the accident set forth therein. Lieder now appeals the grant of summary judgment for the City.

We review *de novo* a district court's grant of summary judgment. *Banks v. Gen. Motors, LLC*, 81 F.4th 242, 258 (2d Cir. 2023). Summary judgment is proper where no

---

[1] A "§ 50-h" hearing involves a claimant providing sworn, admissible testimony on their claim and alleged damages, and is a prerequisite to filing a judicial complaint. N.Y. Gen. Mun. Law § 50-h.

[2] The district court granted summary judgment for the Individual Defendants because, as residents in a single-family residential property, they had no duty to maintain the sidewalk under New York law. *See* N.Y.C. Admin. Code § 7-210. This ruling was not appealed.

"reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In granting summary judgment for the City, the district court found that the City did not have prior written notice of the alleged sidewalk defect on which Lieder tripped—a prerequisite for suit. N.Y.C. Admin. Code § 7-201(c)(2); *Katz v. City of New York*, 87 N.Y.2d 241, 243 (1995) ("[P]rior written notice of a defect is a condition precedent which plaintiff is required to plead and prove to maintain an action against the City."). Lieder relies on a "Big Apple Map" from 2003 that had been served on the City as sufficient notice of the sidewalk defect. That map includes a marking that indicates a raised or uneven portion of sidewalk located adjacent to, and across the width of, 674 Eastern Parkway, the property to the east of where Lieder fell.[3] However, while the marking extends slightly into the sidewalk of 672 Eastern Parkway, the map does not bear any other markings adjacent to 672 Eastern Parkway. The map does not show that the City had been alerted to a defect closer to 670, the area shown in the photographs attached to Lieder's Notice of Claim. The City submitted affidavits and the results of searches for municipal records pertaining to the location of the accident identified in the Notice of Claim to establish the absence of prior written notice of a sidewalk defect at the

---

[3] Although Lieder stated at the § 50-h hearing that he didn't "remember exactly where [he tripped], before or after [the steps to enter 672] . . . . I think it was like right after, you know, th[e] entrance to the building [at 672] . . . [s]o it was right after the building or before . . . ", *App'x* at 311, Lieder cannot manufacture a genuine issue of fact by speculating that there may have been a circumstance that he did not remember and was contrary to what he testified he thought to be true. *See generally D'Amico v. City of New York*, 132 F.3d 145, 149 (2d Cir. 1998).

4

alleged location. On this basis, the district court deemed the evidence insufficient for prior written notice of a defect at 672 Eastern Parkway.

Lieder claims a genuine issue of material fact exists as to the prior written notice of the defect based on a declaration by Christopher Genovese, an employee of the company that produces the Big Apple Map, stating that it would be reasonable to interpret the mark at 674 Eastern Parkway as including the entire section of sidewalk extending to the defect on which Mr. Lieder alleges he tripped. *App'x* at 331-32. However, New York law requires that prior written notice of defects on such maps be precise; a symbol indicating a defect at 674 Eastern Parkway simply cannot constitute prior written notice of the alleged defect at 672 Eastern Parkway. *See, e.g., Nieves v. City of New York*, 189 N.Y.S.3d 568, 570 (App. Div. 2023) (a symbol "failed to provide the City with prior written notice" where it "[ran] through the sidewalk at 31 Brewster Street, not at 27 Brewster Street . . . where the plaintiff allegedly tripped and fell"); *see also Vega v. 103 Thayer St., LLC*, 961 N.Y.S.2d 467, 469 (App. Div. 2013) (Andrias, J.P., dissenting) ("In any event, the symbol appears in the middle of the intersection and does not relate to the location on the pedestrian ramp where plaintiff's accident occurred."), *rev'd*, 16 N.E.3d 1255 (N.Y. 2014). Therefore, the evidence adduced by Lieder is insufficient to create a genuine dispute of material fact.

Lieder's attempt to broaden his Notice of Claim to now include the entire sidewalk running from 674 Eastern Parkway to 670 Eastern Parkway is equally unavailing.

5

Lieder's notice was clear about the precise location of the defect that caused his fall and his photographs do not include, but rather face away from, the area to which he now seeks to expand his claim. Although Lieder argues, citing *Brown v. City of New York*, 95 N.Y.2d 389, 391 (2000), that the district court should have disregarded the photographs attached to his Notice of Claim, the record in *Brown* was significantly different. The photographs of the defect at issue in *Brown* depicted a curb and adjacent sidewalk, with precise measurements of that location from the street corners, and had a circle drawn around the curb. *See id.* The New York Court of Appeals held that the circling of the curb did not mean that Brown's claim was limited to a defect in the curb, given that his notice of claim also expressly referred several times to the "'sidewalk.'" *Id.* at 393-94. Here, Lieder's Notice of Claim referring to the sidewalk "in front of 672" lacked specificity as to where he tripped within the stretch of sidewalk along the front of 672. And that unspecific identification was consistent with his appended photographs, which faced away from the area as to which the map showed the City had been alerted to a defect.

As such, the district court did not abuse its discretion in rejecting Lieder's attempt to amend his Notice of Claim to expand the location of his fall. Amendments to a § 50-e notice of claim are permitted in a court's discretion only where the municipality is not prejudiced, N.Y. Gen. Mun. Law § 50-e(6), and have been permitted where discovery has not commenced, *see, e.g.*, *Ritchie v. Felix Assocs., LLC*, 873 N.Y.S.2d 628, 629 (App. Div. 2009). Here, discovery has not merely commenced, but concluded. As a result, the City

6

would be prejudiced by an amendment at this late stage of litigation. *See Adlowitz v. City of New York*, 205 A.D.2d 369, 370 (N.Y. App. Div. 1994) ("[I]t is now well settled that, where the municipality is misled by the erroneous notice of claim to conduct an investigation at the wrong site, this circumstance alone results in serious prejudice."); *Canelos v. City of New York*, 37 A.D.3d 637, 638 (N.Y. App. Div. 2007) (finding a Notice of Claim providing an incorrect location was prejudicial); *DiMattia v. City of New York*, 183 A.D.3d 823, 824–25 (N.Y. App. Div. 2020) (same).

\*  \*  \*

We have considered all of Lieder's contentions on this appeal and have found them to be without merit. For the reasons set forth above, the judgment of the district court is **AFFIRMED**.

      FOR THE COURT:
      Catherine O'Hagan Wolfe, Clerk of Court

7