■ GAYLE MORRIS, Also Known as GAYLE KEMPER, Respondent, v GARY HOCHMAN et al., Appellants. [745 NYS2d 549] —In an action, inter alia, to recover a down payment, the defendants appeal, as limited by their brief, from so much of an order and judgment (one paper) of the Supreme Court, Nassau County (Alpert, J.), entered June 6, 2001, as granted the plaintiff's motion for summary judgment, denied their cross motion for summary judgment dismissing the complaint, and is in favor of the plaintiff and against them in the principal sum of $83,750.

Ordered that the order and judgment is modified, on the law, by (1) deleting the provision thereof granting the motion for

summary judgment and substituting therefor a provision denying the motion, and (2) deleting the provision thereof which is in favor of the plaintiff and against the defendants in the principal sum of $83,750; as so modified, the order and judgment is affirmed insofar as appealed from, with costs to the defendants.

Pursuant to the parties' residential contract of sale, the plaintiff made a down payment of $83,750 and subsequently obtained a mortgage commitment. Prior to the closing date, the plaintiff accepted a new position offered by her employer and relocated to Atlanta, Georgia. Apprised of this change in circumstance, the bank revoked its commitment since the plaintiff could no longer occupy the home as her primary residence. Thereafter, the plaintiff notified the defendants of this sudden change and demanded the return of her down payment. The defendants refused and later sold the property to another buyer. The plaintiff then commenced this action to recover the down payment and moved for summary judgment. The Supreme Court granted the motion, concluding that the evidence demonstrated that the plaintiff acted in good faith.

The plaintiff failed to establish her entitlement to judgment as a matter of law (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851). The plaintiff's motion was made before the defendants had any opportunity to conduct discovery, and there are essential issues of fact which are within her exclusive knowledge (*see Plaza Invs. v Kim,* 208 AD2d 704). Thus, her motion was premature and should have been denied (*see* CPLR 3212 [f]). Santucci, J.P., Florio, Smith and Schmidt, JJ., concur.