RANDOLPH HINDS, Respondent, v PRICE CLUB, Appellant. [768 NYS2d 361]—

In an action to recover damages for personal injuries, the defendant appeals from (1) an order of the Supreme Court, Nassau County (Franco, J.), entered March 5, 2003, which upon, in effect, granting leave to reargue, adhered to its determination on a prior application by the plaintiff to strike the defendant's answer as a penalty for failure to comply with disclosure, and (2) a judgment of the same court also entered March 5, 2003, which is in favor of the plaintiff and against it on the issue of liability.

Ordered that the appeal from the order is dismissed, without costs or disbursements; and it is further;

Ordered that the judgment is reversed, on the law and as a matter of discretion, the answer is reinstated, the matter is remitted to the Supreme Court, Nassau County, for a new trial and the imposition of an appropriate sanction, with costs to abide the event, and the order dated March 5, 2003, is modified accordingly.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on appeal from the order are brought up for review and have been considered on appeal from the judgment (*see* CPLR 5501 [a] [1]).

"It is well settled that an action should be resolved on the merits wherever possible, and the harsh remedy of the striking of a pleading should not be employed without a showing of a deliberate or willful refusal to disclose" (*Cruzatti v St. Mary's Hosp.*, 193 AD2d 579, 580 [1993]; *see Barth v City of New York*, 294 AD2d 386 [2002]; *Herrera v City of New York*, 238 AD2d 475 [1997]). Moreover, the penalty of striking an answer is extreme and should only be imposed after "a clear showing that the failure to comply with discovery demands is willful, contumacious, or in bad faith" (*Herrera v City of New York*, *supra* at 476 [internal quotation marks omitted]; *see Brennan v McCarthy*, 255 AD2d 477 [1998]).

On this record, the plaintiff did not clearly demonstrate that the defendant wilfully and contumaciously failed to comply with discovery requests and/or with the Supreme Court's preliminary conference order with respect to the documents identified as the "floor walk sheets" and the "privileged and confidential warehouse accident report." Therefore, the court erred in striking the defendant's answer (*see Athanasiou v First Natl. City Bank US Corp.*, 225 AD2d 726 [1996]).

However, since the trial of this action had already commenced when the documents in question were allegedly first revealed, a sanction against the defendant is warranted. Accordingly, prior to the commencement of the new trial, the Supreme Court shall determine an appropriate sanction. Santucci, J.P., McGinity, Schmidt and Adams, JJ., concur.