■ 181 SOUTH FRANKLIN ASSOCIATES, INC., Appellant, v Y&R ASSOCIATES, INC., et al., Respondents. [774 NYS2d 811]—In an action to recover damages for breach of a lease and a lease modification agreement, the plaintiff appeals from an order of the Supreme Court, Nassau County (McCarty, J.), dated August 7, 2002, which granted the motion of the defendants William M. Lieber, Joseph Ross, and Century Coverage Corp., for summary judgment dismissing the complaint insofar as asserted against them and denied its cross motion, inter alia, to strike the defendants' answer for failure to appear at depositions.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the motion of the defendants William M. Lieber, Joseph Ross, and Century Coverage Corp., for summary judgment dismissing the complaint insofar as asserted against them and substituting therefor a provision denying the motion as premature, with leave to renew at the conclusion of discovery; as so modified, the order is affirmed, without costs or disbursements, and the complaint is reinstated insofar as asserted against those defendants.

The plaintiff entered into a lease and a lease modification (hereinafter the agreements) with the defendant Y&R Associates, Inc. (hereinafter Y&R) whereby Y&R agreed to lease certain premises for a period of 10 years. Upon the alleged breach of the agreements, the plaintiff commenced this action against Y&R, William M. Lieber, Joseph Ross, and Century Coverage Corp. (hereinafter Century). Lieber and Ross are officers, directors, and shareholders of Y&R and Century. Century used and occupied the subject premises. The plaintiff, in effect, sought to "pierce the corporate veil" of Y&R and hold Lieber, Ross, and Century liable for damages allegedly due under the agreements. Lieber, Ross, and Century moved for summary judgment dismissing the complaint insofar as asserted against them. The plaintiff cross-moved, inter alia, to strike the defendants' answer for failure to appear at depositions. The Supreme Court granted the motion and denied the cross motion.

Lieber, Ross, and Century failed to establish their entitlement to judgment as a matter of law (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851 [1985]; Zuckerman v City of New York, 49 NY2d 557 [1980]). The motion was made before the plaintiff had an opportunity to conduct discovery, and there are essential issues of fact within the exclusive knowledge of Lieber, Ross, and Century (see Morris v Hochman, 296 AD2d 481, 482 [2002]). Thus, their motion for summary judgment was premature and should have been denied (see CPLR 3212 [f]).

However, the Supreme Court providently exercised its discretion in denying the plaintiff's cross motion, inter alia, to strike the defendants' answer. The penalty of striking an answer is extreme and should only be imposed after "a clear showing that the failure to comply with discovery demands is willful, contumacious, or in bad faith" (*Herrera v City of New York*, 238 AD2d 475, 476 [1997] [internal quotation marks omitted]; *see Hinds v Price Club*, 2 AD3d 585 [2003]). Here, the plaintiff did not demonstrate that the defendants' failure to appear at depositions was willful, contumacious, or in bad faith. Altman, J.P., Florio, Smith and Rivera, JJ., concur.