ENRIQUE TORRES et al., Appellants, v RONALD LOWINGER et al., Defendants, and A&R REAL ESTATE, INC., et al., Respondents. [783 NYS2d 310]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens

County (Kitzes, J.), dated October 10, 2003, which (1) granted the respective motions of the defendants A&R Real Estate, Inc., and Nelson Communications, Inc., to dismiss the complaint insofar as asserted against them pursuant to CPLR 3126, and (2) granted that branch of the motion of the defendants Dino Asang and DD Construction which was to dismiss the complaint insofar as asserted against them pursuant to CPLR 3126.

Ordered that the order is reversed, on the law and as a matter of discretion, without costs or disbursements, the motions of the defendants A&R Real Estate, Inc. and Nelson Communications, Inc., and the branch of the motion of the defendants Dino Asang and DD Construction which was to dismiss the complaint are denied, the complaint is reinstated insofar as asserted against those defendants, and the matter is remitted to the Supreme Court, Queens County, to determine the remaining branches of the motion of the defendants Dino Asang and DD Construction which were to strike the plaintiffs' note of issue or, in the alternative, to compel outstanding discovery.

While the Supreme Court properly determined that the plaintiffs had not yet provided some of the mandated disclosure in this action, under the circumstances of this case, their noncompliance did not rise to the level of willful and contumacious conduct warranting dismissal (*see* CPLR 3126; *see generally Felipe v 2820 W. 36th St. Realty Corp.*, 7 AD3d 483 [2004]; *181 S. Franklin Assoc. v Y & R Assoc.*, 6 AD3d 594 [2004]; *Hinds v Price Club*, 2 AD3d 585 [2003]; *Avenue C Constr. v Gassner*, 306 AD2d 506 [2003]). Similarly, given the confusion expressed by the parties regarding the stage of discovery, and upon consideration of the record as a whole, we find that the Supreme Court's reliance upon CPLR 3216 as an alternative basis for dismissal was inappropriate (*see generally Horn v North Shore Univ. Hosp.*, 303 AD2d 634 [2003]). Accordingly, we reinstate the complaint and remit the matter to the Supreme Court for a determination of the remaining branches of the motion of the defendants Dino Asang and DD Construction. Krausman, J.P., Luciano, Mastro and Lifson, JJ., concur.