■ MANUFACTURERS & TRADERS TRUST COMPANY, Respondent, v NORTH FORK BANK, Appellant. [791 NYS2d 599]—

In an action pursuant to UCC 4-207 to recover damages for breach of transfer and presentment warranties, the defendant appeals from (1) an order of the Supreme Court, Dutchess County (Brands, J.), dated April 21, 2004, which granted the plaintiff's motion for summary judgment, and (2) a judgment of the same court entered May 17, 2004, which is in favor of the plaintiff and against it in the principal sum of $48,750.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, with costs, the order dated April 21, 2004, is vacated, and the motion for summary judgment is denied as premature, with leave to renew after completion of discovery.

The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see *Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

The plaintiff, as payor bank, seeks to recover damages against the defendant, as collecting bank, for breach of the statutory warranties of transfer and presentment (see UCC 4-207) arising from the plaintiff's payment on a check allegedly bearing a forged indorsement. Approximately one month after the commencement of this action, and before the conduct of discovery, the plaintiff successfully moved for summary judgment, and the Supreme Court subsequently entered judgment in favor of the plaintiff and against the defendant. We reverse.

The granting of summary judgment was premature as discovery was required, inter alia, to ascertain whether the defendant could assert a valid defense predicated on UCC 4-406 (4) and (5), or alternatively, was entitled to a reduction in dam-

ages pursuant to UCC 4-207 (4). Dr. Bernard Lanter, on behalf of the designated payee of the check, Dr. Bernard Lanter, M.D., P.C., stated, in an affidavit executed approximately 16 months after the check was paid by the plaintiff, that his signature thereon was unauthorized and a forgery. Contrary to the plaintiff's contentions, the date of that affidavit, standing alone, did not conclusively establish the date on which the plaintiff *first* learned of the forged indorsement for purposes of UCC 4-207 (4). Moreover, under the circumstances presented here, if Dr. Lanter or his professional services corporation was also the drawer or purchaser of the check, whose account was debited by the plaintiff when the check was presented to it for payment, then the date on which Dr. Lanter first informed the plaintiff of his unauthorized signature also becomes relevant for purposes of UCC 4-406 (4) and (5). As these essential issues of fact cannot be determined on this record and remain within the exclusive knowledge of the plaintiff, the motion should have been denied as premature (*see* CPLR 3212 [f]; *181 S. Franklin Assoc. v Y & R Assoc.*, 6 AD3d 594 [2004]; *Morris v Hochman*, 296 AD2d 481 [2002]).

The plaintiff's remaining contentions are without merit. H. Miller, J.P., Cozier, S. Miller and Fisher, JJ., concur.