■ CATHERINE FRANZNICK, Appellant, v TOWN OF HUNTINGTON, Respondent. [800 NYS2d 517]—

In an action, inter alia, to recover damages for injury to property and for injunctive relief based on an alleged private nuisance, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Emerson, J.), dated August 10, 2004, which, in effect, denied her motion, among other things, pursu-

ant to CPLR 3126 to strike the defendant's answer, on condition that certain discovery is provided.

Ordered that the order is affirmed, with costs.

It is within the Supreme Court's discretion to supervise discovery, and to determine motions pursuant to CPLR 3126 to strike a pleading or award preclusion when a party has failed to obey a court order for disclosure or to respond to discovery demands (*see* CPLR 3126; *Mendez v City of New York*, 7 AD3d 766, 767 [2004]; *Setsuo Ito v Dryvit Sys.*, 5 AD3d 735 [2004]). Under the circumstances of this case, the Supreme Court providently exercised its discretion by, in effect, denying the plaintiff's motion, inter alia, to strike the defendant's answer. The plaintiff failed to demonstrate that the defendant willfully, contumaciously, or in bad faith failed to obey a court order for disclosure or delayed the progress of discovery (*see Santigate v Linsalata*, 304 AD2d 639, 641 [2003]; *Cianciolo v Trism Specialized Carriers*, 274 AD2d 369, 370 [2000]; *compare Royal Caterers, LLC v Marine Midland*, 8 AD3d 549 [2004]; *Alto v Gilman Mgt. Corp.*, 7 AD3d 650 [2004]). H. Miller, J.P., S. Miller, Goldstein, Mastro and Lifson, JJ., concur.