■ MAREN KESAR et al., Plaintiffs, v GREEN RIDGE ENTER-PRISES CORP., Defendant and Third-Party Plaintiff-Appellant. DYNAMIC FRAME CORP. et al., Third-Party Defendants-Respondents. [817 NYS2d 343]—

In an action to recover damages for personal injuries, etc., the defendant third-party plaintiff and second third-party plaintiff appeals from an order of the Supreme Court, Orange County (Owen, J.), dated August 10, 2005, which denied its motion to vacate the dismissal of the third-party complaint and the second third-party complaint.

Ordered that the order is reversed, on the law, with one bill of costs, the motion is granted, and the third-party complaint and the second third-party complaint are reinstated.

At a proceeding on May 25, 2005 the Supreme Court dismissed the third-party complaint and the second third-party complaint for "failure to prosecute" based on the appellant's failure to file a note of issue within 90 days of the court's directive. However, there is no evidence in the record of a valid 90-day demand (*see* CPLR 3216 [b] [3]). Accordingly, the Supreme Court was not authorized to dismiss the third-party actions for want of prosecution (*see* CPLR 3216 [b]; *O'Connell v City Wide Auto Leasing*, 6 AD3d 682 [2004]; *Akpinar v John Hancock Mut. Life Ins. Co.*, 302 AD2d 337 [2003]; *Fernandez v Minsky*, 242 AD2d 665 [1997]; *Ameropan Realty Corp. v Rangeley Lakes Corp.*, 222 AD2d 631 [1995]). Nor can the dismissal be justified as one made pursuant to CPLR 3126 (b) (3), as the court attempted to do in the order on appeal. The record does not evince willful, contumacious, or bad faith conduct by the appellant which would have warranted a dismissal pursuant to CPLR 3126 (b) (3) (*see Franznick v Town of Huntington*, 21 AD3d 875 [2005]; *compare Royal Caterers, LLC v Marine Midland*, 8 AD3d 549 [2004]; *Alto v Gilman Mgt. Corp.*, 7 AD3d 650 [2004]). Under the circumstances, the appellant's motion to vacate the dismissal of the third-party complaint and the second third-party complaint should have been granted. Miller, J.P., Ritter, Luciano, Spolzino and Dillon, JJ., concur.