■ JOE DeMARTINO MASON CONTRACTORS & SONS, INC., Appellant, v MAIN PLAZA REALTY Co. et al., Respondents, et al., Defendants. [842 NYS2d 719]—In an action, inter alia, to foreclose a mechanic's lien, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Hart, J.), dated June 28, 2006, as granted the motion of the defendants Main Plaza Realty Co., Pat Pescatore, and Joseph Tanenbaum pursuant to CPLR 3126 to dismiss the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the facts and in the exercise of discretion, with one bill of costs payable by the respondents appearing separately and filing separate briefs, and the motion to dismiss the complaint insofar as asserted against the respondents is denied.

While the nature and degree of the penalty to be imposed on

a motion pursuant to CPLR 3126 is a matter generally left to the discretion of the Supreme Court (*see Kingsley v Kantor*, 265 AD2d 529 [1999]), to invoke the drastic remedy of striking a pleading, a court must determine that the party's failure to comply with discovery demands was the result of willful and contumacious conduct (*see* CPLR 3126 [3]; *Gateway Tit. & Abstract, Inc. v Your Home Funding, Inc.*, 40 AD3d 919 [2007]; *Nieves v City of New York*, 35 AD3d 557 [2006]; *Cestaro v Chin*, 20 AD3d 500, 502 [2005]). The record does not support the moving defendants' contentions that the plaintiff's failure to respond to their demand for documents and to their notice to take a deposition was the result of willful and contumacious conduct. Accordingly, the Supreme Court improvidently exercised its discretion in granting the motion pursuant to CPLR 3126 to dismiss the complaint insofar as asserted against the respondents. Santucci, J.P., Goldstein, Dillon and Angiolillo, JJ., concur.