■ SARAH FELBERBAUM, Plaintiff, v ISAAC WEINBERGER et al., Defendants and Third-Party Plaintiffs-Appellants. AW PRODUCTS, Third-Party Defendant-Respondent. [863 NYS2d 747]—

In an action to recover damages for personal injuries, the defendants and third-party plaintiffs appeal from (1) a decision of the Supreme Court, Kings County (Starkey, J.), dated February 20, 2007, and (2) an order of the same court dated March 12, 2007, which, in effect, granted the third-party defendant's

motion for summary judgment dismissing the third-party complaint.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (see *Schicchi v J.A. Green Constr. Corp.,* 100 AD2d 509 [1984]); and it is further,

Ordered that the order is affirmed; and it is further,

Ordered that one bill of costs is awarded to the third-party defendant.

The defendant and third-party plaintiff Isaac Weinberger was driving a rental vehicle on I-87, from New York to Canada, when he lost control of the vehicle and crashed into a guardrail. As a result, the plaintiff, a passenger in the vehicle, sustained injuries and commenced this action against, among others, Weinberger. Weinberger and the other defendants subsequently commenced a third-party action against AW Products (hereinafter AW), a Canada-based company owned by Weinberger's father which is in the business of selling ice cream. The third-party complaint alleged that at the time of the accident Weinberger was employed by AW as a salesman and was driving the rental vehicle "in furtherance of [AW's] business interest." The defendants and third-party plaintiffs sought indemnification and/or contribution from AW. AW moved for summary judgment dismissing the third-party complaint. The Supreme Court properly, in effect, granted AW's motion.

In support of its motion for summary judgment, AW submitted, among other things, Weinberger's deposition testimony. Weinberger testified that at the time of the accident he was residing in Brooklyn. A couple of days before the accident, Weinberger was visiting his family in Canada, where he rented the subject vehicle to attend a family wedding in Brooklyn. He rented the vehicle under his own name and paid for it with his own credit card. He drove to New York from Canada with his family and his brother's family. After the wedding was over, Weinberger was driving back to Canada with his family and his brother's family when the accident with the plaintiff occurred.

Weinberger testified that when he came to New York for the wedding, he brought with him some samples of ice cream which he left with his cousin for safe keeping. He brought the samples down with him so that he could show them to vendors. However, Weinberger testified that he did not make any plans to conduct business while he was in New York for the wedding and that he intended to return to New York after he dropped off his family and his brother's family in Canada to conduct business with the samples that he had left with his cousin.

The evidence submitted by AW in support of its summary

judgment motion was sufficient to establish, prima facie, that it could not be held vicariously liable for Weinberger's negligence. An employer is vicariously liable for its employee's torts under the theory of respondeat superior if the acts were committed while the employee was acting within the scope of his employment (*see Carnegie v J.P. Phillips, Inc.*, 28 AD3d 599 [2006]). An act is considered to be within the scope of employment if it is performed while the employee is engaged generally in the business of his employer, or if his act may be reasonably said to be necessary or incidental to such employment (*see Oliva v City of New York*, 297 AD2d 789 [2002]; *Smith v Midwood Realty Assoc.*, 289 AD2d 391 [2001]). An exception to the general rule that a worker traveling to and from work is not acting within the scope of employment exists where the employee uses his car in furtherance of his work (*see Lundberg v State of New York*, 25 NY2d 467, 470-471 [1969]; *Davis v Larhette*, 39 AD3d 693 [2007]; *McBride v County of Schenectady*, 110 AD2d 1000, 1001 [1985]).

Here, AW demonstrated, prima facie, that Weinberger's travel between New York and Canada was motivated by a personal reason, to attend a family wedding in New York and to drive his family back to Canada. AW also demonstrated, prima facie, that Weinberger would have made the trip to New York and back to Canada, with or without the ice cream samples. In opposition to AW's prima facie showing of entitlement to judgment as a matter of law, the defendants and third-party plaintiffs failed to raise a triable issue of fact. Accordingly, the Supreme Court correctly determined that AW could not be held vicariously liable for Weinberger's negligence (*see Matter of Marks v Gray,* 251 NY 90, 93 [1929]; *Cicatello v Sobierajski,* 295 AD2d 974 [2002]; *Matos v Depalma Enters.*, 160 AD2d 1163 [1990]), and properly, in effect, granted AW's motion for summary judgment dismissing the third-party complaint. Skelos, J.P., Ritter, Florio and Dickerson, JJ., concur.