In an action, inter alia, to recover no-fault medical payments, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Ruchelsman, J.), dated July 10, 2007, as denied those branches of their cross motion which were to dismiss the complaint pursuant to CPLR 3211 (a) (3), to strike the complaint pursuant to CPLR 3126 for failure to comply with certain discovery demands, and to amend the caption pursuant to CPLR 305 (c) to delete the name of Manuel A. Romero, individually, as a defendant.
Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the cross motion which was to amend the caption pursuant to CPLR 305 (c) to delete the name of Manuel A. Romero, individually, as a defendant and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The Supreme Court providently exercised its discretion in denying that branch of the cross motion which was to strike the complaint pursuant to CPLR 3126 for failure to comply with certain discovery demands. The determination whether to strike a pleading lies within the sound discretion of the trial court (see CPLR 3126 [3]; Walter B. Melvin, Architects, LLC v 24 Aqueduct Lane Condominium, 51 AD3d 784, 785 [2008]). However, the drastic remedy of striking a pleading is not appropriate absent a clear showing that the failure to comply with discovery demands was willful and contumacious (see CPLR 3126 [3]; Anonymous v Duane Reade, Inc., 49 AD3d 479, 480 [2008]; Joe DeMartino Mason Contrs. & Sons, Inc. v Main Plaza Realty Co., 44 AD3d 716, 717 [2007]; Resnick v Schwarzkopf, 41 AD3d 573 [2007]). Here, the defendants failed to make a clear showing that the plaintiff’s failure to comply with certain discovery demands was willful and contumacious.
However, the Supreme Court should have granted that branch of the cross motion which was to amend the caption pursuant to CPLR 305 (c) to delete the name of Manuel A. Romero, individually, as a defendant. In a prior order dated November 4, 2002, Romero’s motion to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction was granted.
The defendants’ remaining contention is without merit. Rivera, J.E, Florio, Angiolillo and McCarthy, JJ., concur.