■ GERALDINE RINI, Individually and as Administratrix of the Estate of MICHAEL RINI, Deceased, Appellant, v RICHARD BLANCK et al., Defendants, and STEPHEN GULOTTA, Respondent. [902 NYS2d 185]—In an action to recover damages for medical

malpractice, etc., the plaintiff appeals from a judgment of the Supreme Court, Queens County (Hart, J.), entered May 3, 2006, which, upon the granting of the motion of the defendant Stephen Gulotta, in effect, to dismiss the complaint insofar as asserted against him as a sanction for the plaintiff's failure to disclose certain information, dismissed the complaint insofar as asserted against that defendant.

Ordered that the judgment is reversed, on the law, on the facts, and in the exercise of discretion, with costs, the motion of the defendant Stephen Gulotta, in effect, to dismiss the complaint insofar as asserted against him as a sanction for the plaintiff's failure to disclose certain information is denied, the complaint is reinstated insofar as asserted against the defendant Stephen Gulotta, and the matter is remitted to the Supreme Court, Queens County, for further proceedings before a different Justice.

A court may dismiss an action as a sanction if a plaintiff "refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed" (CPLR 3126). However, the drastic remedy of dismissal is inappropriate absent a clear showing that the plaintiff's failure to comply with disclosure obligations was willful and contumacious (*see Kesar v Green Ridge Enters. Corp.*, 30 AD3d 471 [2006]; *Blake v Chawla*, 299 AD2d 437, 440 [2002]; *Yona v Beth Israel Med. Ctr.*, 285 AD2d 460, 461 [2001]). Here, the record does not demonstrate that the plaintiff's failure to disclose certain information was willful and contumacious. Accordingly, the Supreme Court improvidently exercised its discretion in granting the motion of the defendant Stephen Gulotta, in effect, to dismiss the complaint insofar as asserted against him as a sanction for the plaintiff's failure to disclose certain information.

Under the circumstances of this case, we deem it appropriate to remit the matter to the Supreme Court, Queens County, for further proceedings before a different Justice. Dillon, J.P., Miller, Dickerson and Chambers, JJ., concur.