■ Sandra Rawlings, Respondent, v Joseph C. Gillert, Appellant, et al., Defendants. [911 NYS2d 117]—

In an action, inter alia, for the partition and sale of certain real property and for an accounting of certain loan proceeds, the defendant Joseph C. Gillert appeals from an interlocutory judgment of the Supreme Court, Westchester County (Lefkowitz, J.), dated December 9, 2009, which, upon determining that he willfully failed to comply with an order of the same court dated August 10, 2009, conditionally granting the plaintiff's mo-

tion, among other things, to strike his pleadings for his failure to comply with court-ordered discovery, inter alia, struck the answer with counterclaims, set the matter down for an inquest to determine the parties' rights and interests in the subject real property, and directed him to account for the subject loan proceeds.

Ordered that the interlocutory judgment is affirmed, with costs.

Although actions should be resolved on the merits where possible, a court may strike the answer of a defendant for failure to comply with court-ordered discovery where there is a clear showing that the noncompliance is willful and contumacious (*see* CPLR 3126 [3]; *Moray v City of Yonkers*, 76 AD3d 618 [2010]; *Palomba v Schindler El. Corp.*, 74 AD3d 1037 [2010]; *Rini v Blanck*, 74 AD3d 941 [2010]). The determination of whether to strike the answer is addressed to the sound discretion of the trial court (*see Raville v Elnomany*, 76 AD3d 520 [2010]; *Pirro Group, LLC v One Point St., Inc.*, 71 AD3d 654, 655 [2010]; *Workman v Town of Southampton*, 69 AD3d 619, 620 [2010]).

Contrary to the contention of the defendant Joseph C. Gillert (hereinafter the defendant), the Supreme Court did not improvidently exercise its discretion in striking his answer with counterclaims pursuant to CPLR 3126. The defendant's repeated, unexcused failures to meaningfully comply with multiple disclosure requests and court orders and directives over an extended period of time constituted ample evidence that his noncompliance was willful and contumacious (*see Batshever v Jafar*, 73 AD3d 1108, 1108-1109 [2010]; *Pirro Group, LLC v One Point St., Inc.*, 71 AD3d at 655; *Workman v Town of Southampton*, 69 AD3d at 620). In this regard, the defendant's proffered explanation for his failure to comply with the final disclosure deadline set by the Supreme Court was not adequately supported by evidence in the record and failed to excuse his default in complying with that deadline (*see e.g. Rodriguez v United Bronx Parents, Inc.*, 70 AD3d 492, 492-493 [2010]; *Pugliese v Mondello*, 67 AD3d 880, 881 [2009]; *Goldstein v CIBC World Mkts. Corp.*, 30 AD3d 217 [2006]; *Reidel v Ryder TRS, Inc.*, 13 AD3d 170, 171 [2004]).

The defendant's remaining contention is without merit. Mastro, J.P., Fisher, Leventhal and Belen, JJ., concur.