■ BOBBY MITCHELL, Appellant, v GRACE PLAZA OF GREAT NECK, INC., et al., Respondents. [913 NYS2d 581]—

In an action, inter alia, to recover damages for medical malpractice and wrongful death, the plaintiff appeals from an order of the Supreme Court, Nassau County (Diamond, J.), entered January 14, 2010, which granted the motion of the defendant North Shore Long Island Jewish Health System, Inc., in which the defendant Grace Plaza of Great Neck, Inc., joined, pursuant to CPLR 3126 to dismiss the complaint.

Ordered that the order is reversed, on the facts and in the

exercise of discretion, with one bill of costs to the plaintiff, and the motion pursuant to CPLR 3126 to dismiss the complaint is denied.

A court may dismiss an action as a sanction if a plaintiff "refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed" (CPLR 3126). However, "the drastic remedy of dismissal is inappropriate absent a clear showing that the plaintiff's failure to comply with disclosure obligations was willful and contumacious" (*Rini v Blanck*, 74 AD3d 941, 942 [2010]; *see Negro v St. Charles Hosp. & Rehabilitation Ctr.*, 44 AD3d 727, 728 [2007]; *Kesar v Green Ridge Enters. Corp.*, 30 AD3d 471 [2006]). Here, the record does not demonstrate that the plaintiff's failure to disclose certain information was willful and contumacious. Accordingly, the Supreme Court improvidently exercised its discretion in granting the motion (*see Rini v Blanck*, 74 AD3d at 942; *Negro v St. Charles Hosp. & Rehabilitation Ctr.*, 44 AD3d at 728; *Joe DeMartino Mason Contrs. & Sons, Inc. v Main Plaza Realty Co.*, 44 AD3d 716 [2007]). Skelos, J.P., Angiolillo, Hall and Roman, JJ., concur.