■ STEVEN MCDERMOTT, Appellant, v LEIGH A. BAHNATKA et al., Respondents. [921 NYS2d 574]—

In an action to recover damages for wrongful death, the plaintiff appeals (1) from an order of the Supreme Court, Dutchess County (Pagones, J.), dated December 21, 2009, which granted the defendants' separate motions pursuant to CPLR 3126 to dismiss the complaint insofar as asserted against them, and (2), as limited by his brief, from so much of an order of the same court dated May 20, 2010, as denied that branch of his motion which was for leave to renew his opposition to the prior motions.

Ordered that the order dated December 21, 2009, is reversed, on the facts and in the exercise of discretion, without costs or disbursements, and the defendants' separate motions pursuant to CPLR 3126 to dismiss the complaint insofar as asserted against each of them are denied; and it is further,

Ordered that the appeal from the order dated May 20, 2010, is dismissed as academic, without costs or disbursements, in light of our determination of the appeal from the order dated December 21, 2009.

The Supreme Court improvidently exercised its discretion in granting the motions to dismiss the complaint pursuant to CPLR 3126. The drastic remedy of dismissal of a complaint is not warranted where there is no clear showing that the plaintiff's failure to comply with discovery demands or orders was willful and contumacious (see CPLR 3126; *Mitchell v Grace Plaza of Great Neck, Inc.*, 79 AD3d 1108, 1109 [2010]; *LOP Dev., LLC v ZHL Group, Inc.*, 78 AD3d 1020, 1020-1021 [2010]; *Torres v Lowinger*, 12 AD3d 363, 364 [2004]). Here, the record demonstrates that, although the plaintiff did not comply with the Supreme Court's deadline for completion of discovery, his conduct, while dilatory, did not rise to the level of being willful or contumacious. Document discovery was completed approximately 18 months after this action was commenced, and the plaintiff cancelled a deposition on only one occasion. Rivera, J.P., Chambers, Hall and Lott, JJ., concur.