■ Susan Comerford, Respondent, v Mary E. Brown et al., Defendants, Mitchell Samuels, Respondent, and Pinebourne Farms North et al., Appellants. (Action No. 1.) Mitchell Sam-

uels, Respondent, v Mary E. Brown et al., Defendants, and Pinebourne Farms North et al., Appellants. (Action No. 2.) [923 NYS2d 873]—

In two related actions, inter alia, to recover damages for personal injuries, which were joined for trial, Pinebourne Farms North and Pinebourne Farms North, doing business as Pinebourne Farms, defendants in both actions, appeal from an order of the Supreme Court, Nassau County (Parga, J.), entered August 5, 2010, which denied their motion for summary judgment dismissing the complaint and cross claims insofar as asserted against them in action No. 1, and denied their separate motion for summary judgment dismissing the complaint insofar as asserted against them in action No. 2.

Ordered that the order is reversed, on the law, with one bill of costs, and the appellants' motions for summary judgment dismissing the complaint and cross claims insofar as asserted against them in action No. 1, and the complaint insofar as asserted against them in action No. 2, are granted.

On March 10, 2007, at approximately 3:29 P.M., Susan Comerford was a passenger on a motorcycle owned and operated by Mitchell Samuels. At that time, the motorcycle came into contact with a vehicle allegedly owned by, among others, Brian M. Layne, Jr., and operated by Mary E. Brown, on Route 106, in the Village of Muttontown in Nassau County. It was undisputed that Brown was employed by the appellants on the date of the subject accident, as, inter alia, a groomer for their horses.

As a result of the accident, Comerford and Samuels each brought an action against, among others, the appellants, under the theory of respondeat superior. In an order dated November 30, 2007, the Supreme Court joined both actions for trial. Thereafter, the appellants moved for summary judgment. In the order appealed from, the Supreme Court denied the motions. We reverse.

The evidence relied upon by the appellants in support of their motions, specifically the deposition testimony of Brown, was sufficient to establish, prima facie, that they could not be held vicariously liable for Brown's negligence under the theory of respondeat superior, since she was not acting within the scope of her employment when the accident occurred (see Felberbaum v Weinberger, 54 AD3d 717 [2008]).

In opposition, Comerford and Samuels failed to raise a triable issue of fact as to whether Brown was acting in the scope of her

employment at the time of the accident (*see generally Monioudis v City of New York*, 82 AD3d 945 [2011]; *McCaffery v Wright & Co. Constr., Inc.*, 71 AD3d 842 [2010]; *Inga v EBS N. Hills, LLC*, 69 AD3d 568 [2010]).

Accordingly, the Supreme Court should have granted the appellants' motions for summary judgment. Dillon, J.P., Balkin, Eng and Roman, JJ., concur.