■ RAWL MARS, an Infant, by His Father and Natural Guardian, REGINALD MARTIN, et al., Appellants, v PATRICIA E. SHARP et al., Respondents. [934 NYS2d 809]—

The plaintiffs failed to comply with the order dated May 12, 2010, as the plaintiff Reginald Martin failed to appear for a deposition within the time frame set forth in the order. As a result of this failure, the portion of the order dated May 12, 2010, directing dismissal of the complaint, became absolute (*see Hall v Penas*, 5 AD3d 549 [2004]). To be relieved of the adverse impact of the order, the plaintiffs were required to demonstrate a reasonable excuse for the default and the existence of a potentially meritorious cause of action (*see Matter of Denton v City of Mount Vernon*, 30 AD3d 600 [2006]). The plaintiffs failed to do so.

The plaintiffs' remaining contentions are without merit.

Accordingly, the Supreme Court providently exercised its discretion in granting that branch of the defendants' cross motion which was pursuant to CPLR 3126 (3) to dismiss the complaint based on the plaintiffs' failure to comply with the order dated May 12, 2010, and in denying the plaintiffs' motion,

inter alia, to vacate the portion of the order dated May 12, 2010, that directed the dismissal of the complaint in the event the plaintiff failed to comply with certain discovery deadlines.

Although the plaintiffs appeal from the order dated May 12, 2010, they raise no arguments relating to the propriety of that order. Accordingly, the appeal from the order dated May 12, 2010, is dismissed as abandoned (*see Torres v American Bldg. Maintenance Co. of NY*, 51 AD3d 905 [2008]). Skelos, J.P., Hall, Lott and Cohen, JJ., concur.