OPINION OF THE COURT
Joseph C. Pastoressa, J.
It is ordered that the branch of the motion by plaintiff to strike the defendant’s answer is denied; and it is further ordered that the branch of the motion by plaintiff for an order compelling the defendant to produce the claim notes in unredacted form is granted to the extent that defendant is directed to produce for in camera review all the claim notes in connection with the subject insurance loss for the period from February 17, 2009 to June 2, 2010; and it is further ordered that claim notes shall be provided in a sealed envelope and delivered by messenger to the court, no later than 10 business days after plaintiffs service upon defendant of a copy of this order with notice of entry; and it is further ordered that the remainder of the motion by plaintiff to compel defendant to produce the various other docu *433 ments demanded in the second notice for discovery and inspection dated October 12, 2011 is, at this time, denied.
Mildred Collins was the owner of the property located at 21 Tilney Avenue in Medford, New York, and had a homeowner’s policy of insurance with the defendant until her death on July 28, 2008. The homeowner’s policy was renewed and issued to the estate of Mildred Collins effective February 5, 2009 through February 5, 2010. On February 6, 2009, the insured premises sustained water and mold damage as a result of pipes freezing and rupturing. After a claim was filed, the defendant retained counsel in May 2009 regarding its rights under the homeowner’s insurance policy and to provide legal advice with respect to the issue of whether heat had been maintained in the premises. Subsequent to an investigation, it was determined that the heat had not been maintained as required by the homeowner’s insurance policy, and coverage was denied by letter dated June 2, 2010 (the denial letter). Thereafter, the executrix of the estate, plaintiff, Yvonne McLaurin Fields, commenced the instant action for breach of contract. Issue has been joined and discovery is in progress.
Plaintiff served the defendant with omnibus discovery demands dated October 8, 2010, which called for the production of, among other items, a complete copy of the claims file with the claim notes and a privilege log. On February 17, 2011, defendant served its response to the demands. However, plaintiffs counsel asserts that a privilege log was not included and portions of the claim notes were redacted, without explanation.*
On June 21, 2011, the defendant produced for deposition Lance Fatten, the examiner assigned to the claim and who authored the denial letter. Upon questioning, Fatten testified that in preparation for the deposition he reviewed the claims file and the unredacted version of the claim notes, and he revealed that entries had been made after June 2, 2010. Fatten’s testimony prompted plaintiff to serve a second notice for discovery and inspection dated October 12, 2011 (the second notice), demanding production of, among other items, memoranda, business and personal files, diaries and computerized notes, “in full, without abbreviation or expurgation.” The second notice also demanded estimates, invoices, bills, proposals and inventories prepared by certain identified companies hired in connection with the dam *434 ages sustained to the insured premises and its contents (hereinafter referred to collectively as demands 1 through 6), and a privilege log.
By letter dated October 18, 2011, defendant’s counsel objected to demands 1 through 6 as material prepared in anticipation of litigation or on the grounds of relevance. The letter did not address the demand for the unredacted claim notes, and did not include a privilege log. Plaintiff’s counsel, by letter dated November 10, 2011, advised defendant’s counsel that the objections were improper and unresponsive, and demanded the production of the documents in five days; the documents were not produced and no response was received. The instant motion ensued.
Plaintiffs counsel contends that the claim notes sought are discoverable as a matter of law as any privilege shielding them from disclosure was waived when employees of the defendant reviewed the unredacted version in preparation for deposition. Counsel also contends that demands 1 through 6 are discoverable and necessary in order to adequately prepare for trial. In opposition, defendant’s counsel contends that the redacted claim note entries contain confidential communications between employees of the defendant and attorneys at the law firm and therefore are absolutely immune from discovery under the attorney-client privilege. The responsive documents to demands 1 through 6, defendant’s counsel contends, were prepared in anticipation of litigation or are irrelevant to the facts of this case.
The drastic remedy of striking the defendant’s answer pursuant to CPLR 3126 is not warranted here, as plaintiff has not shown that the defendant’s failure to produce documents responsive to the second notice was willful, contumacious or in bad faith (see Rini v Blanck, 74 AD3d 941 [2d Dept 2010]; Kesar v Green Ridge Enters. Corp., 30 AD3d 471 [2d Dept 2006]).
The branch of the motion to compel the production of the unredacted claim notes and the various other documents is decided as follows.
“CPLR 4503 (a) states that a privilege exists for confidential communications made between attorney and client in the course of professional employment, and CPLR 3101 (b) vests privileged matter with absolute immunity” (Spectrum Sys. Intl. Corp. v Chemical Bank, 78 NY2d 371, 377 [1991]). Nevertheless, as there is a strong public policy in favor of full disclosure, a party *435 seeking to withhold, discovery on the ground of privilege has the burden of proving each element of the privilege asserted (see id.; Matter of Priest v Hennessy, 51 NY2d 62 [1980]; Koump v Smith, 25 NY2d 287 [1969]). Thus, where a party alleges that documents sought for production and inspection are shielded from disclosure by the attorney-client privilege, the party seeking to withhold such documents has the burden of demonstrating that the information contained therein constitutes confidential communications between the attorney and the client for the purpose of securing legal services or advice (see Rossi v Blue Cross & Blue Shield of Greater N.Y., 73 NY2d 588 [1989]; All Waste Sys. v Gulf Ins. Co., 295 AD2d 379 [2d Dept 2002]; Bertalo’s Rest. v Exchange Ins. Co., 240 AD2d 452 [2d Dept 1997]). The attorney-client privilege is not lost because the documents also contain or refer to some nonlegal concerns (see Rossi v Blue Cross & Blue Shield of Greater N.Y.; All Waste Sys. v Gulf Ins. Co.). Materials prepared in anticipation of litigation are subject to a conditional privilege (CPLR 3101 [d]). To demonstrate that this privilege is applicable, it must be shown that the material was prepared exclusively in anticipation of litigation (Bombard v Amica Mut. Ins. Co., 11 AD3d 647 [2d Dept 2004]; Agovino v Taco Bell 5083, 225 AD2d 569 [2d Dept 1996]). When such a showing is made, materials prepared in anticipation of litigation are immune from disclosure unless a party shows “substantial need” and the “inability to obtain the substantial equivalent elsewhere without undue hardship” (Valencia v Obayashi Corp., 84 AD3d 786, 787 [2d Dept 2011]; CPLR 3101 [d] [2]). Whether a particular document is shielded from disclosure necessarily is a fact-specific determination that most often requires an in camera inspection (see Spectrum Sys. Intl. Corp. v Chemical Bank).
The argument by plaintiffs counsel in support of production of the claim notes centers on the fact that two of the defendant’s employees, Latten and his supervisor Kim Russo, admittedly reviewed the unredacted version of the claim notes in preparation for their respective deposition testimony, and thereby waived the attorney-client privilege. This argument is unavailing. A document protected by an unqualified privilege is not waived by a party merely by allowing its own employee to review the document in preparation for a deposition (see Fernekes v Catskill Regional Med. Ctr., 75 AD3d 959 [3d Dept 2010]; Geffers v Canisteo Cent. School Dist. No. 463201, 105 AD2d 1062 [4th Dept 1984]; see also United States v Kovel, 296 *436 F2d 918 [2d Cir 1961]; People v Osorio, 75 NY2d 80 [1989]; Hudson Ins. Co. v Oppenheim, 72 AD3d 489 [1st Dept 2010]). There is no dispute that Latten and Russo are employed by the defendant. Thus, if the redacted information contains confidential communication protected by the attorney-client privilege, the privilege was not waived.
However, the court cannot determine from the papers submitted whether the redacted information in the claim notes concerns communication primarily of a legal character or “for the purpose of facilitating the rendition of legal advice or services” (Rossi v Blue Cross & Blue Shield of Greater N.Y. at 593). Therefore, an in camera review of the unredacted claim notes is necessary.
In reply, plaintiffs counsel asserts for the first time that the redacted information is discoverable because it was prepared prior to the defendant’s decision to deny coverage. An argument cannot be raised for the first time in a reply (see Bailey v Brookdale Univ. Hosp. & Med. Ctr., 27 AD3d 677 [2d Dept 2006]). In any event, unlike material conditionally immune from discovery, the attorney-client privilege which has absolute immunity, is not tied to such a decision or to the contemplation of litigation (see Spectrum Sys. Intl. Corp. v Chemical Bank; Bombard v Amica Mut. Ins. Co.).
Turning to the items in the second notice, to which the defendant’s counsel objected on relevance grounds, the court finds that at this juncture, plaintiff has not established its entitlement to such documents. Plaintiff is clearly entitled to “full disclosure of all matter material and necessary in the prosecution ... of [this] action” (CPLR 3101 [a]). However, “[i]t is incumbent on the party seeking disclosure to demonstrate that the method of discovery sought will result in the disclosure of relevant evidence or is reasonably calculated to lead to the discovery of information bearing on the claims” (Vyas v Campbell, 4 AD3d 417, 418 [2d Dept 2004]; Crazytown Furniture v Brooklyn Union Gas Co., 150 AD2d 420, 421 [2d Dept 1989]). Plaintiffs counsel has not demonstrated how the invoices or bills of the companies hired by the defendant are relevant to the issues herein. Therefore, the branch of the motion seeking documents responsive to demands 2, 4 and 6 in the second notice is denied at this time.
The court will now address the demands in the second notice to which the defendant’s counsel objected on the basis that the documents were prepared after the date of the denial letter. *437 “[T]he payment or rejection of claims is a part of the regular business of an insurance company. Consequently, reports which aid it in the process of deciding which of the two indicated actions to pursue are made in the regular course of its business” (Landmark Ins. Co. v Beau Rivage Rest., 121 AD2d 98, 101 [2d Dept 1986] [internal quotation marks omitted]). Reports prepared by insurance investigators and adjusters before the decision is made to pay or deny a claim are thus not privileged and are discoverable (see id.; see also Bertalo’s Rest. v Exchange Ins. Co.). However, once an insurance company “has rejected the claim . . . reports made to it to aid in the resistence of the claim are made for the purpose of litigation and are protected by CPLR 3101 (subds. [c], [d])” (Landmark Ins. Co. v Beau Rivage Rest. at 101). The relevant date in determining whether an expert’s report was prepared exclusively for anticipated litigation or trial is the date of the insurance company’s decision to deny coverage (id.).
The second notice seeks:
“1. All estimates and/or proposals prepared by Certified Restoration Services Inc. with respect to damages sustained to the [subject] premises by virtue of the Loss. . . .
“3. All personal property estimates and/or inventories prepared by Insurers World and/or SOS (Service on Site) with respect to damages sustained to the contents located at [the subject premises] by virtue of the Loss. . . .
“5. All estimates, proposals, restoration proposals and/or inventories prepared by PCI Restoration with respect to damages sustained to the contents located at [the subject premises] by virtue of the Loss.”
Defendant’s counsel states, and it is not disputed, that the building damages estimate prepared by Certified Restoration dated January 20, 2010 was previously provided to plaintiff’s counsel, as was the damage inventory of personal property prepared by Insurers World/SOS dated February 18, 2009. Defendant objects to the extent that the second notice seeks disclosure of material prepared after June 2, 2010, the date of the defendant’s decision to deny the claim. It contends that documents prepared after June 2, 2010 are privileged as material prepared for litigation, and thus are not discoverable. Defendant’s counsel posits that a second estimate dated June 14, 2011 prepared by Certified Restoration, and a second inventory received from *438 SOS dated October 17, 2011, fall into this category. Similarly, defendant’s counsel posits that PCI Services was retained by the defendant on July 8, 2011 to prepare an estimate of the cost to clean the personal property in the subject premises. The estimate provided by PCI Services dated November 2, 2011, defendant’s counsel maintains, is thus also protected from disclosure as material prepared for litigation.
The court finds that the Certified Restoration estimate dated June 14, 2011, the SOS inventory dated October 17, 2011, and the PCI Services estimate dated November 2, 2011 were prepared after the defendant issued the denial letter. Thus these documents fall within the parameters of CPLR 3101 (d), material prepared for litigation, and are immune from disclosure unless the plaintiffs counsel can demonstrate a substantial need and the inability to duplicate the reports, which plaintiff has failed to do. Rather, plaintiffs counsel makes the conclusory assertion that plaintiff would be at a decided disadvantage should she not have time to review the damages evaluations. However, this assertion is undermined by the fact that the defendant’s counsel has produced the estimates and inventory reports prepared prior to the date of the denial letter.
Accordingly, held in abeyance is a decision on that portion of the motion which seeks disclosure of the claim notes, in full, pending the court’s in camera inspection thereof. Plaintiffs motion is otherwise denied.

 A privilege log dated October 7, 2011, however, is included in the defendant’s opposition papers.