Tanriverdi v United Skates of Am., Inc. (2018 NY Slip Op 05885)





Tanriverdi v United Skates of Am., Inc.


2018 NY Slip Op 05885


Decided on August 22, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
ANGELA G. IANNACCI, JJ.


2016-01554
 (Index No. 601784/12)

[*1]Cigdem Altinerlielmas Tanriverdi, et al., appellants,
v
United Skates of America, Inc., respondent.


Subin Associates, LLP (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Jillian Rosen], of counsel), for appellants.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York, NY (Patrick J. Lawless and I. Elie Herman of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Roy S. Mahon, J.), entered February 4, 2016. The order granted the defendant's motion to dismiss the complaint pursuant to CPLR 3126.
ORDERED that the order is reversed, on the facts and in the exercise of discretion, with costs, and the defendant's motion to dismiss the complaint pursuant to CPLR 3126 is denied.
The plaintiffs commenced this action by summons and complaint dated August 9, 2012, to recover damages for personal injuries allegedly resulting from the plaintiff Cidgem Altinerlielmas Tanriverdi's fall on the defendant's premises. The plaintiffs' original request for damages made in the bills of particulars included Cidgem's lost wages at the salon that the plaintiffs jointly owned and operated.
Following a one-year period during which the parties attempted to negotiate a settlement, the defendant, in December 2014, demanded, among other things, that the plaintiffs produce the salon's appointment records dating back to February 2011. According to the plaintiffs, those records largely did not exist because the salon's appointment-tracking software automatically
deletes entries after one year. The plaintiffs thus did not provide any salon appointment records, despite four court orders dated between November 2014 and March 2015 that directed the parties to comply with all outstanding discovery requests. The plaintiffs did, however, notify the defendant of the one-year limit on the salon's appointment records. In April 2015, the plaintiffs withdrew their request for damages related to Cidgem's lost wages.
The defendant thereafter moved pursuant to CPLR 3126 to dismiss the complaint as a sanction for the plaintiffs' failure to disclose the salon's appointment records, among other things. The Supreme Court denied the motion, finding that the plaintiffs' conduct did not rise to a level of willful and contumacious refusal to comply with discovery demands or disclosure orders sufficient to justify dismissal under CPLR 3126. The court nevertheless conditionally directed dismissal of the complaint in the event that the plaintiffs failed to furnish the salon's appointment records dating [*2]back to February 2011. In response, the plaintiffs produced the salon's appointment records from June 2014 through June 13, 2015, which were the only such records that existed at that time.
The defendant then moved pursuant to CPLR 3126 to dismiss the complaint upon the conditional order of dismissal due to the plaintiffs' incomplete disclosure. In the order appealed from, the Supreme Court granted the motion. We reverse.
As a result of the plaintiffs' failure to disclose salon appointment records dating back to February 2011, the conditional order became absolute (see Wilson v Galicia Contr. & Restoration Corp., 10 NY3d 827, 830; Mars v Sharp, 90 AD3d 865, 865-866; Zouev v City of New York, 32 AD3d 850, 850). To be relieved of the adverse impact of the conditional order, the plaintiffs were required to demonstrate a reasonable excuse and a potentially meritorious cause of action (see Gibbs v St. Barnabas Hosp., 16 NY3d 74, 79-83; Corex-SPA v Janel Group of N.Y., Inc., 156 AD3d 599, 602; Zouev v City of New York, 32 AD3d at 850-851). Here, in response to the defendant's motion, the plaintiffs submitted evidence indicating that the conditional order of dismissal directed them to produce appointment records that did not exist, thereby demonstrating a reasonable excuse for their failure to produce the records in question (see Smith v County of Nassau, 138 AD3d 726, 728; Gottfried v Maizel, 68 AD3d 1060, 1061). The plaintiffs additionally demonstrated a potentially meritorious cause of action (see Miskanic v Roller Jam USA, Inc., 71 AD3d 1102, 1102-1103). Consequently, the Supreme Court improvidently exercised its discretion in granting the defendant's motion to dismiss the complaint.
Contrary to the defendant's contention, CPLR 3126 did not otherwise justify the Supreme Court's determination to dismiss the complaint. "Actions should be resolved on their merits whenever possible, and the drastic remedy of striking a pleading should not be employed without a clear showing that the failure to comply with court-ordered discovery was willful and contumacious" (Nunez v Laidlaw, 150 AD3d 1124, 1125; see Zakhidov v Boulevard Tenants Corp., 96 AD3d 737, 739). The defendant failed to make a clear showing that the plaintiffs' conduct was willful and contumacious, since, among other things, the plaintiffs complied with many discovery demands and substantially complied with the court's disclosure orders once the parties resumed discovery after failing to reach a settlement agreement. The plaintiffs' conduct did not warrant dismissal (see Nunez v Laidlaw, 150 AD3d at 1126; McDermott v Bahnatka, 83 AD3d 1014, 1015; LOP Dev., LLC v ZHL Group, Inc., 78 AD3d 1020, 1020).
LEVENTHAL, J.P., COHEN, HINDS-RADIX and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court