Alkhabbaz v Best (2019 NY Slip Op 07043)





Alkhabbaz v Best


2019 NY Slip Op 07043


Decided on October 2, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
SHERI S. ROMAN
FRANCESCA E. CONNOLLY, JJ.


2017-07380
 (Index No. 5403/11)

[*1]Chihadeh Alkhabbaz, plaintiff-appellant,
v
Lon Best, defendant-appellant, Jerrick Associates, respondent, et al., defendants.


Bruce S. Reznick, PC (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac], of counsel), for plaintiff-appellant.
William S. Boorstein, New York, NY (Donald Walker of counsel), for defendant-appellant.
Frankini & Harms, Garden City, NY (Michael F. Palmeri of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff and the defendant Lon Best separately appeal from an order of the Supreme Court, Kings County (Genine D. Edwards, J.), dated May 8, 2017. The order granted that branch of the motion of the defendant Jerrick Associates which was for summary judgment dismissing the complaint in this action insofar as asserted against it.
ORDERED that the appeal by the defendant Lon Best is dismissed, as that defendant is not aggrieved by the order appealed from (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156-157); and it is further,
ORDERED that the order is reversed on the appeal by the plaintiff, on the law, and that branch of the motion of the defendant Jerrick Associates which was for summary judgment dismissing the complaint in this action insofar as asserted against it is denied; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff, payable by the defendant Jerrick Associates.
On July 28, 2010, at approximately 2:30 p.m., a vehicle owned and operated by Lon Best collided with a vehicle operated by Youssef Attar and owned by Jack Attar, in which Chihadeh Alkhabbaz was a passenger. At the time of the accident, Best was employed by Jerrick Associates, a construction company. After the accident, Alkhabbaz commenced this action to recover damages for personal injuries against Best, Jack Attar, Youssef Attar, and Jerrick Associates. Youssef Attar commenced a separate action to recover damages for personal injuries against Best and Jerrick Associates. The two actions were subsequently joined for trial. Jerrick Associates then moved for summary judgment dismissing both complaints insofar as asserted against it. In the order on appeal, the Supreme Court granted that branch of the motion of Jerrick Associates which was for summary judgment dismissing the complaint in this action insofar as asserted against it.
Jerrick Associates failed to establish, prima facie, that it could not be held vicariously liable for the alleged negligence of Best, as the evidence submitted did not demonstrate, as a matter of law, that Best was acting outside the scope of his employment at the time the accident took place (see Camisa v Rosen, 150 AD3d 809, 811; Scott v Lopez, 136 AD3d 885, 886; cf. Xin Tang Wu v Ng, 70 AD3d 818, 819). "An act is considered to be within the scope of employment if it is performed while the employee is engaged generally in the business of his employer, or if his [or her] act may be reasonably said to be necessary or incidental to such employment" (Davis v Larhette, 39 AD3d 693, 694; see Beres v Terranera, 153 AD3d 483, 486; Pinto v Tenenbaum, 105 AD3d 930, 931). Here, Best's deposition testimony, which was submitted by Jerrick Associates in support of its motion, raised triable issues of fact as to whether he ever used his vehicle in furtherance of work (see generally Lundberg v State of New York, 25 NY2d 467, 470-471; Felberbaum v Weinberger, 54 AD3d 717, 719), and whether, at the time of the accident, he was traveling for purposes necessary or incidental to his employment (see Zwibel v Midway Auto. Group, 127 AD3d 965, 966; Ammirati v Arias, 111 AD3d 771, 772).
The failure of Jerrick Associates to make the requisite prima facie showing warranted the denial of its motion, regardless of the sufficiency of the opposing papers (see Alvarez v Prospect Hosp., 68 NY2d 320, 324; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). Accordingly, the Supreme Court should have denied that branch of the motion of Jerrick Associates which was for summary judgment dismissing the complaint in this action insofar as asserted against it.
MASTRO, J.P., BALKIN, ROMAN and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court