Mehra v Morrison Cohen LLP (2023 NY Slip Op 50714(U))

[*1]

Mehra v Morrison Cohen LLP

2023 NY Slip Op 50714(U)

Decided on July 13, 2023

Supreme Court, New York County

Reed, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 13, 2023
Supreme Court, New York County

Sanjiv Mehra, Samrita Mehra, Plaintiff,

against
Morrison Cohen LLP, Steven M. Cooperman, Danielle C. Lesser, Defendant.

Index No. 159868/2019

Robert R. Reed, J.

The following e-filed documents, listed by NYSCEF document number (Motion 004) 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 143 were read on this motion to/for DISCOVERY.
Defendant Morrison Cohen LLP (MCLLP) represented plaintiffs Sanjiv and Samrita [*2]Mehra (plaintiffs) in connection with the preparation of an LLC operating agreement between plaintiffs and non-party Jonathan Teller. Plaintiffs allege, inter alia, that MCLLP breached their fiduciary duty in its representation of the plaintiffs. In this action for breach of fiduciary duty, plaintiffs seek to recover damages, including attorneys' fees, allegedly incurred as a result of defendants purported breach of duty. In motion sequence 004, defendants move, pursuant to CPLR 3124, to compel production of unredacted attorney billing records used to substantiate plaintiffs' damages claims.
Plaintiffs allege that from October 1, 2019, to May 31, 2022, they incurred $3.69 million in legal fees and expenses in connection with defendants' alleged breach. Defendants served discovery requests demanding the production of documents and billing records for the fees allegedly incurred by plaintiffs. On August 5, 2022, plaintiffs produced redacted invoices revealing only the date, attorney rate, time spent, and fees amounts. The records purportedly do not indicate which matters the hours were spent working on.
Defendants allege that the documents are so thoroughly redacted that they cannot discern time entries  prohibiting the defendants from analyzing whether the alleged fees were generated as a result of, or connected to, any alleged breach of duty by defendants. Defendants also claim they are unable to determine what tasks were performed and the necessity thereof, and whether the fees generated, are reasonable. 
Plaintiffs submit that they have complied with First Department precedent by turning over information detailing the number of hours spent and the amount charged in connection with the provision of legal services (Teich v Teich, 245 AD2d 41, 41 [1st Dept 1997]). According to plaintiff, the fee logs are privileged, and the reasonableness of attorneys' fees should be based only on non-privileged documents (Deutsche Bank Tr. Co. of Am. v Tri-Links Inv. Tr., 43 AD3d 56, 57, 63-65 [1st Dept 2007]).
"Where a party alleges that documents sought for production and inspection during discovery are shielded from disclosure by the attorney-client privilege, the party seeking to withhold such documents has the burden of demonstrating that the information contained therein constitutes confidential communications between the attorney and the client for the purpose of securing legal services or advice" (Fields v First Liberty Ins. Corp., 38 Misc 3d 431[Sup. Ct. 2012]; McKinney's CPLR 4503[a]).
In New York, not all communications to an attorney are privileged (Priest v Hennessy, 51 NY2d 62, 69 [1980]). Legal invoices are discoverable (In re Nassau Cnty. Grand Jury Subpoena Duces Tecum 4 NY3d 665, 679 [2005]). Communications regarding the identity of a client and information about fees paid by the client are not generally protected under the attorney-client privilege, nor are communications regarding the payment of legal fees by a third person (id.).
In order to make a valid claim of privilege, it must be shown that the information sought to be protected from disclosure was a 'confidential communication' made to the attorney for the purpose of obtaining legal advice or services" (Matter of Priest, 51 NY2d at 69). Plaintiffs fail to make that showing here.
Defendants will not be required to rely upon plaintiffs' good faith estimated breakdown of billing invoices. Defendants are entitled to challenge that estimation through examination of the documentary evidence itself. Defendants do not seek impermissible attorney-client communications, advice, or impressions. Defendant's demand for unredacted billing records is granted.
Accordingly, it is hereby
ORDERED that defendants' motion to compel unredacted attorney billing records (motion sequence no. 004) is granted.
July 13, 2023